MURPHY HATTON v. STATE OF MISSISSIPPI.

[49 South. 514.]

1. CRIMINAL LAW AND PROCEDURE. *Seduction. Female child under eighteen years of age. Code* 1906, § 1081.

Under Code 1906, § 1081, making it a felony to seduce and have illicit connection with any female child under eighteen years of age, of previous chaste character, a conviction cannot be maintained in the absence of evidence showing that defendant seduced the child; proof of illicit connection alone is insufficient.

2. SAME. *Soliciting and accepting is not seducing.*

A woman was not seduced, where she yielded her person to and had sexual intercourse with a man merely on his request, accompanied by assurances of love and that nobody but them would ever know of it.

FROM the circuit court of Harrison county.

HON. WILLIAM H. HARDY, Judge.

Hatton, appellant, was indicted, tried and convicted under

an indictment charging him with having seduced his niece, Rosella Hatton, a female child under the age of eighteen years and of previous chaste character, and appealed to the supreme court. The testimony showed that the girl was under eighteen years of age and of previous chaste character; that defendant, a man of about fifty years of age, had sexual intercourse with her repeatedly during a period of nearly two years; that she finally became pregnant and was delivered of a child. Before her pregnancy became apparent she made no complaint. Her testimony alone told of the occasion when she first permitted defendant to enjoy her person, and was to the effect that defendant told her he loved her, asked her to have sexual intercourse with him, assured her that no other person in the world but them would ever know anything about it, and said it was not wrong; while so stating he put his hands upon her, laid her across a bed and did what he wanted to do; she asked him not to do it and did not want him to do it, but made no resistance and let him do it because he wanted to; he made her no presents and gave her no promises until after she had let him do what he wanted to do.

The case was once before in the supreme court and the decision then made is reported. *Hatton v. State,* 92 Miss. 651, 46 South. 708.

*J. T. Garraway & W. G. Evans,* for appellants.

Aside from the fact that the testimony of the girl has been overcome by competent testimony, if her testimony be true, we fail to see how under the judicial definition of the word it could make out a case of seduction as is contemplated in law, for the reason that she testifies that there were no presents, promises or inducements offered her on the first act of sexual intercourse.

Illicit sexual connection may be had between a man and a woman without seduction. Carnal intercourse may have been occasioned, as much by the woman's desires as by the man's.

Simply having sexual intercourse with a woman does not

constitute seduction; the defendant must use insinuating arts to overcome the opposition of the seduced, and must by wiles, and persuasion, without force, debauch her. *People v. Gumer,* 39 N. Y. 326.

Seduction is the offense of a man who abuses the simplicity and confidence of a woman to obtain by false promise what she ought not to do. *Brown v. Kingsley,* 38 Iowa, 220.

Every illicit connection is not a seduction. It cannot be said that a female is drawn aside from the path of virtue, unless she is honestly pursuing that path and is polluted. If a minor is corrupt and polluted with lewd thoughts so she is ready to submit to improper embraces, as opportunity presents, from her own lustful propensities and without arts of blandishments by him with whom she has had sexual intercourse, she cannot be said to have been seduced by him with whom she has had improper sexual relations. *State v. Wheeler,* 18 S. W. 658.

*Geo. Butler,* assistant attorney-general for appellee.

Appellant had so conducted himself towards the child as to win her implicit confidence, and he ought not to be permitted to escape the law because the state is unable to show just exactly what artifice and persuasion was employed to accomplish his purpose.

In the case of *People v. Gibbs,* 70 Mich. 425, the court approved of the instruction to the effect that it was for the jury to say whether arts were practiced and whether the prosecutrix was lured from the paths of virtue and her reluctance to sexual intercourse was overcome by these means; that the means used are not material if the art and persuasion are what caused her to submit; that the arts or inducement need not have been concurrent with the act of sexual intercourse, but if, by insiduous persuasion, intention of artifice from time to time appellant built up such respect of affection for himself as to finally and eventually overcome her virtue, it would not be material if all of these efforts may not have been concurrent

with the first act of sexual intercourse, and that in passing upon
the question of whether the means employed were such as to
be likely to induce a woman of previous chaste character to
yield to the successful embraces of another, the jury have a
right to take into account the relations existing between the
parties, the respective age of the parties and the age of the
girl at the time. From the reports of the case it appears that
the facts there were no stronger than in this case, and in affirm-
ing the conviction the court said: "In all such cases, the age,
the experience, artfulness and blandishment of the defendant;
and the youthfulness, innocence, guileless, and confiding nature
of the injured party will always be found to enter largely into
consideration of the facts of the parties involved in the in-
vestigation.

Without attempting to review the many decisions where-
in evidence has been held sufficient to justify a conviction we
content ourselves with the citations of a few of the many cases
wherein it has been so adjudged. *State v. Mullholland,* 115,
Iowa, 170; *State v. Hatherton,* 60 Iowa, 175; *State v. McIn-
tyre,* 89 Iowa, 139; *State v. Fitzgerald,* 63 Iowa, 269; *Phillip
v. State,* 108 Ind. 406; *State v. Knulson,* 91 Iowa, 550.

WHITFIELD, C. J., delivered the opinion of the court.

The evidence in this case falls far short of making out the
crime of seduction as known to the law. The assistant attorney-
general refers us to the cases of *State v. Mulholland,* 115 Iowa,
174, 88 N. W. 325, and *State v. McClintic,* 73 Iowa, 663, 35
N. W. 696. We have examined these cases carefully. They
were both cases of seduction under promise of marriage, and
the facts in both those cases are very far stronger than the
facts in this case. No case, we apprehend, can be anywhere
found which would sanction a conviction for seduction on the
scant and utterly insufficient testimony disclosed by this record.

*Reversed and remanded.*