## GEORGE L. CARTER *v.* STATE OF MISSISSIPPI.

### [54 South. 805.]

SEDUCTION.    *Evidence.    Corroboration, Criminal Law Code* 1906, *section*
1372.

> The allegations of an indictment under Code 1906, section 1372 that
> the woman seduced was "of previous chaste character" and that
> the carnal knowledge was obtained "by virtue of a false or feigned
> promise of marriage" cannot be maintained on the testimony of
> the prosecutrix alone, she must be corroborated by evidence upon
> these two points.

APPEAL from the circuit court of Attala county.

HON. G. A. McLEAN, Judge.

George L. Carter was convicted of seduction, and appeals.

The facts are fully stated in the opinion of the court.

*Teat & Niles,* for appellant, filed an elaborate brief
dealing with the facts and citing the following authorities:  *Norton* v. *State,* 72 Miss. 128; *Ferguson* v. *State,*
71 Miss. 805; *Stewart* v. *Graham,* 93 Miss. 251; *I. C. R.
R. Co.* v. *McGowan,* 92 Miss. 663.

*Carl Fox,* assistant attorney-general for the state, filed
brief covering the facts in the case and citing:  *Owens*
v. *State,* 63 Miss. 450; *Dukes* v. *State,* 80 Miss. 353; *Holifield* v. *City of Laurel,* 54 South. 488; *Ferguson* v. *State,*
71 Miss. 805-815.

McLAIN, C.

Appellant was indicted, tried, and convicted in the circuit court of Attala county for seduction, and was sentenced to the penitentiary.  From this judgment, he appeals to this court.

The indictment was drawn under section 1372, Code of 1906, which provides that: "If any person shall obtain carnal knowledge of any woman, or female child, over the age of eighteen years, of previous chaste character, by virtue of any feigned or pretended marriage or any false or feigned promise of marriage, he shall, upon conviction, be imprisoned in the penitentiary not more than five years; but the testimony of the female seduced, alone, shall not be sufficient to warrant a conviction." This section has been thoroughly considered and construed by this court. *Ferguson* v. *State*, 71 Miss. 805, 15 South. 66, 42 Am. St. Rep. 492; *Norton* v. *State*, 72 Miss. 128, 16 South. 264, 18 South. 916, 48 Am. St. Rep. 538.

The uncorroborated testimony of the woman is insufficient to convict. The allegation of the indictment that she was "of previous chaste character," and that the carnal knowledge was obtained "by virtue of a false or feigned promise of marriage," cannot be maintained on the testimony of the prosecutrix alone. The prosecutrix must be corroborated by evidence upon these two points. Such is the burden, so to speak, placed upon the state in cases of this character. Has the state met this burden? Without going into the details of the evidence, suffice it to say that we have carefully and thoroughly considered this record, and we are of the opinion that the testimony of the prosecutrix upon the two vital points, to wit, that she was of previous chaste character, and that the carnal knowledge was obtained by virtue of a false or feigned promise of marriage, is not sufficiently corroborated. Especially is this true on the promise of marriage.

*Reversed and remanded.*

PER CURIAM. The above opinion is adopted as the opinion of the court, and, for the reasons therein indicated by the commissioner, the case is reversed and remanded.