## DR. J. M. LONG v. STATE.

[56 South. 185.]

1. CRIMINAL LAW. *Seduction. Corroboration of Prosecutrix. Code 1906, section 1372.*

   Under the Code of 1906, section 1372 in prosecutions for seduction the corroborative evidence required by the statute, must be of such character as will fairly tend to connect the defendant with the commission of the offense, and as will fairly satisfy the jury that the prosecutrix is truthful and worthy of belief.

2. SAME.

   The fact that defendant told the prosecutrix, knowing she was pregnant, in the presence of her brother that he would marry her if she would wait a week or so, was wholly insufficient alone, to amount to corroboration of the prosecutrix as required by the statute.

Appeal from the circuit court of Wayne county.

Hon. Jno. L. Buckley, Judge.

Dr. J. M. Long was convicted of seduction and appeals.

The appellant was indicted and convicted of the seduction of one Cora Sellers, an unmarried female above the age of 18. The prosecutrix testifies that she yielded to his solicitations because of a promise to marry her, and that she was of previous chaste character. The only corroboration of her testimony is that of her brother, who testifies that he went with the prosecutrix to see the appellant in an attempt to persuade him to marry her, and that appellant told him that he did not have the money, that he just said he could not marry her then, as he was not prepared to take care of her, and that he would if she would come back to Waynesboro and wait a week or so on him.

*E. W. Stewart,* for appellant.

Miss Cora Sellars, the prosecutrix, was introduced by the prosecution and upon her testimony, the state rested its case, whereupon, the defendant, by his attorney moved the court to exclude the evidence of the state for insufficiency, which was overruled by the court and the defendant reserved an exception.

In overruling the motion, the court erred, for there was not sufficient evidence to warrant a conviction of the defendant at this time, since section 1372 of the Code of 1906 requires the testimony of the prosecutrix to be corroborated. Can it be said that this requirement has been fulfilled in this case? The defendant is not bound to introduce any evidence at all, and is entitled, at the least, to have the requirements of the law met properly. Is there a jury to be found if properly instructed, that would have convicted the defendant, unless they were prejudiced, and if they did, is there a judge on the bench that would have let the verdict stand when only the evidence of the prosecutrix was all that was before the court

and the jury? See section 1372 of the Code of 1906. *Reddick* v. *State,* 72 Miss. 1008; *Ferguson* v. *State,* 71 Miss. 805, 12 Cyc. 594b.

Judge Wood, in the Reddick case above referred to, said, "If, when the state rests in chief, manifestly no case has been made out against the accused, a motion to exclude the evidence and direct an acquittal should be sustained. If the motion is overruled it is improper, after the defense rests, to permit the state, under the guise of rebutting, to introduce the testimony chiefly relied upon to secure a conviction." Now in the case at bar, the motion had been made and it was overruled; So we maintain that it was manifestly an error for the court to admit the testimony of the witnesses Jake West and J. N. Sellars, witnesses for the state, after the defendant had closed its case, if at all. The state pretended to offer it as rebuttal evidence when, in fact it was only to make out its case for the first time. The prosecution has no right, either legally or morally, to experiment with the defendant and under the guise of offering evidence in rebuttal, to make out the state's case for the first time. To follow this method of practice would soon require the defendant in criminal cases to exonerate himself before the state introduced any evidence. Such practice should be repressed by the courts, which are not organized to convict prisoners, but to see that trials are absolutely fair and impartial. *Reddick* v. *State,* 72 Miss. 1008, 12 Cyc. 557-8 (11), and cases cited under reference number 72.

In prosecutions where the gist of the offense is the having of sexual intercourse (or the attempt to have it) with the prosecutrix, it is said that prosecutrix's reputation for chasity may be attacked, and her meretricious mode of life and particular acts of lewdness shown to discredit her as a witness; but such proof, in reality, where admitted, is principally admissible as substantive evidence to rebut the evidence adduced by the state, and

only incidentally as impeaching evidence. 7 Ency. of
Ev., page 51, and citations therein. Then if this is sound
law, it was error for the court to exclude the testimony
of the witness George Stephens, a witness for the de-
fense. The court excluded it because it did not impeach
the prosecutrix. Furthermore, it should have gone to
the jury for what it was worth, in as much as the prose-
cutrix had practically admitted on cross-examination
that, there were stories of her chastity current in her
neighborhood before the alleged seduction by the defend-
ant. Again it would show that no lady of a pure heart,
an innocent mind and a virtuous character would have
been lying out in the woods, upon the ground, with a
man. The jury were certainly conversant with the rules
of society in the county. *Keller* v. *State,* 102 Ga. 506;
*O'Neill* v. *State,* 85 Ga. 383.

It is actual chastity not mere reputation for chastity,
that is required, and the court erred in not excluding the
testimony of Jake West. *Carroll* v. *State,* 74 Miss. 688;
*Powell* v. *State,* 20 So. 4; *Suther* v. *State,* 118 Ala. 88, 24
So. 43.

I contend that the verdict was contrary to the law and
evidence in the case for the state has not sufficiently cor-
roborated the testimony of the prosecutrix as to promise
of marriage and sexual intercourse.

*Carl Fox,* assistant attorney-general, for appellee.

It is contended under the decisions of this court that
the testimony of the prosecutrix was not sufficiently cor-
roborated.

In *Ferguson* v. *State,* 71 Miss. 805, 15 So. 66, 42 A. S.
R. 492, it was held that it was not necessary that the
prosecutrix be corroborated on every material point es-
sential to make out the crime.

This case was approved in *Norton* v. *State,* 72 Miss.
128, — So. 264, 18 So. 916, 48 A. S. R. 538. These cases
were recently followed in the case of *Carter* v. *State*

(Miss. 1911), 54 So. 805. In the latter case, the court, inadvertently, no doubt, stated that the prosecutrix's testimony "that she was of 'previous chaste character,' and that the carnal knowledge was obtained by virtue of a false and feigned promise of marriage" must be corroborated by other evidence. In the case of *Ferguson* v. *State, supra,* it was stated in most emphatic language, that she was presumed to have been of previous chaste character at the time of the alleged seduction, and it was not necessary that her testimony, that she was chaste, be corroborated. I do not think the authorities warrant the statement that she must be corroborated as to her previous chastity. If, however, this court should follow *Carter* v. *State,* and hold that corroborative evidence of the prosecutrix's previous chaste character is necessary, the record in this case contains such corroborative testimony.

The testimony of Jake West, that the reputation for chastity of the prosecutrix was good, in the community where she lived, does sufficiently corroborate the prosecutrix as to that question. *Powell* v. *State* (Miss.), 20 So. 4. It is practically impossible to prove a woman's chastity in any other way. The burden is upon the state to prove a negative, that is, that the prosecutrix has not had any intercourse with any other man. The only way to prove this fact by direct testimony, would be to offer as witnesses every man who had ever had an opportunity of intercourse with her, and in addition, to prove that no man, except these witnesses had ever had such opportunity.

The testimony of the prosecutrix, that the defendant had intercourse with her, is corroborated by the testimony of her brother J. N. Sellars, which is set out herein, above. He did not testify that the defendant admitted, in so many words, in the conversation in the hotel in Meridian, that he had had intercourse with the prosecutrix; but the implied admission was unmistakably

shown. The prosecutrix stated to the defendant at that time, in the presence of the witness, J. N. Sellers, that she was pregnant, and asked him to take care of her, threatening him with the law if he did not do so. He refused, but on the ground that he had no money, and wasn't prepared to take care of her.

It remains to be seen whether her testimony that she yielded to the defendant because of his false and feigned promise to marry her, was corroborated. This corroborative evidence must be found, if found at all, in the testimony of her brother J. N. Sellers. He testified that the defendant "agreed to marry her; that is, if she would come to Waynesboro, and wait a week or so on him" and this when he knew that she was pregnant.

It has been held in a number of cases in several states that evidence of a promise of marriage made after the alleged seduction, is competent corroborative evidence of the prosecutrix's testimony that defendant promised to marry her before the alleged seduction. In *Jenks* v. *State,* 114 Ga. 430, 40 S. E. 320, it was held not error to permit the prosecutrix to testify that accused repeated his promise of marriage after her seduction had been accomplished.

In *Keller* v. *State,* 102 Ga. 506, 31 S. E. 32, it was held not error for the state to prove by the prosecuting witness other acts of intercourse after the seduction, at each of which the defendant renewed his promises of marriage. See paragraph number six.

In *McTyler* v. *State,* 91 Ga. 254, 18 S. E. 140, it was held not error to permit the prosecutrix to testify as to promises of defendant to marry her, made after the alleged seduction. In these three Georgia cases it was the prosecutrixs who were permitted to testify that the defendants promised after their alleged seductions, to marry them. The competency of this promise cannot be affected by the fact that in one case it is proved by the prosecutrix, and in another case by another witness.

In *State* v. *Kincaid*, 142 N. C. 257, 55 S. E. 647, it was held not error to permit the prosecutrix to testify as follows:

"When I became pregnant, I mentioned his promise to marry me. . . . He would say 'wait,' and said he was in a mess with a Davis girl. . . . He would stop off from the Davis girl, and come in a month or so, as soon as he could, and that the Davis girl has broken open a letter I wrote him."

In *State* v. *Bauerkemper*, 95 Iowa, 564, the court said:

"IV. There was evidence tending to show that, after defendant learned of the pregnancy of prosecutrix, he expressed a willingness to marry her, and that at the preliminary hearing before the justice he produced a marriage license, and offered to marry the prosecutrix, and that she declined unless he would give bond that he would continue to live with her in good faith, for three years. The court instructed that this evidence should only be considered "so far as it may tend to throw light upon the question whether he obtained carnal knowledge of her by means of promises of marriage, or by means of words and acts on his part, done and spoke by him to lead her to believe, and which did lead her to believe, that if she submitted to his desires, he would marry her. . . . We think there was no error in giving . . . (the instruction) complained of."

It seems to me that this case is exactly in point with the case at bar.

In *Harvey* v. *Territory*, 11 Okla. 156, it was held not error to permit the father of prosecutrix to testify that the prisoner asked him for his daughter at a time subsequent to the alleged seduction. The court said.

"It was competent for the purpose of corroborating the testimony of the prosecutrix, that a promise of marriage had been made by the accused, and that she yielded by reason of such promise."

Of course, a promise of marriage after seduction, might be induced by any one of several considerations: through fear of the wrath of the relatives of the girl or woman; or a desire to repair, as far as possible, a great wrong done her; or it might be made with no intention of its being kept, for the purpose of getting rid, for the moment, of the importunities of the girl or woman; or it might be an expression of a *bona fide* intention formed before the seduction, of marrying the girl. It seems improbable where no threats of physical violence were made, that one who had had intercourse with her, to which she had agreed for some reason other than his promise of marriage, would after the intercourse promise to marry her. It is not probable that a man would promise to marry a woman with whom he had been having intercourse, if she yielded to him because of her own lustful desires, or for a compensation. Logically, it would seem that the evidence is competent, it being for the jury to determine what induced the promise of marriage made after the seduction.

In 35 Cyc., pages 1360-1-2-3-4-5, under the title "Seduction," the text deals with the subject, "Corroboration of Females." After stating the substance of statutes in various states, it is said, pages 1363-64:

"The statute does not require the testimony of another witness, or direct or positive evidence, but the corroborative evidence may be supplied, as well as by facts and circumstances, surrounding the transaction and otherwise established in the case. Nor need the corroboration be of such force as would prove the facts independently of the female's testimony. Where there is some testimony of other witnesses, or other evidence supporting testimony on material questions in the case, *it is for the jury to determine* whether she is sufficiently corroborated."

See quotation, *supra,* from *Ferguson* v. *State,* 71 Miss. 805, page 817.

SMITH, J., delivered the opinion of the court.

The only evidence introduced by the state for the purpose of corroborating the prosecutrix as to an act of sexual intercourse had with her by defendant by virtue of a promise of marriage was that of the witness J. N. Sellers, her brother. This witness testified that defendant, with knowledge of the pregnancy of the prosecutrix, told her in witness' presence that he would marry her if she would wait a week or two on him. This evidence was competent, but of itself alone was wholly insufficient to amount to corroboration of the prosecutrix.

It may be that this statement was made by defendant because of a consciousness upon his part that he had wronged the prosecutrix in the manner alleged in the indictment; but it may also have been made without any such consciousness on his part and for a wholly different reason. There is nothing in the evidence from which the jury would have been warranted in determining what prompted defendant to make the statement. The corroborating evidence required by the statute must be of such character as will fairly tend to connect the defendant with the commission of the offense, and as will fairly satisfy the jury that the prosecutrix is truthful and worthy of belief. *Ferguson* v. *State,* 71 Miss. 805, 15 South. 66, 42 Am. St. Rep. 492.

                                    *Reversed and remanded.*