## LEWIS v. STATE.

### [72 South. 241.]

1. SEDUCTION. *Trial. Instructions. Evidence. Letters. Corroboration.*

   In a trial for seduction where the prosecutrix was not materially corroborated, either as to the act of intercourse or promise of marriage or previous chaste character, the defendant was entitled to a peremptory instruction.

2. SEDUCTION. *Evidence. Letters.*

   In a prosecution for seduction, letters alleged to have been written by the defendant, which were only identified by the prosecutrix, cannot be regarded as corroborative proof.

· APPEAL from the circuit court of. Forest county.
HON. J. M. ARNOLD, Judge.

Jas. Lewis was convicted of seduction and appeals.
The facts are fully stated in the opinion of the court.

*Sullivan & Conner,* for appellant.

*Ross A. Collins,* Attorney-General, for the state.

STEVENS, J., delivered the opinion of the court.

Appellant was indicted, tried, and convicted on a charge of seduction. His appeal presents for consideration several question of interest, but our view of the whole case renders it unnecessary to comment upon all the points raised by the assignment of errors. Upon the facts, as the attorney-general frankly concedes them to be, the prosecutrix was not materially corroborated, and the defendant was entitled to the peremptory instruction asked by him and refused by the trial court. There was no corroboration, either as to the act of intercourse, a promise of marriage, or previous chaste character. *Ferguson* v. *State,* 71 Miss. 805, 15 So. 66, 42 Am. St. Rep. 492; *Carter* v. *State,* 99 Miss. 206, 54 So. 805; *Long* v. *State,* 100 Miss. 7, 56 So. 185.

It is perhaps proper for us to notice one assignment based upon the introduction of testimony. Certain letters, alleged to have been written by appellant to the prosecutrix, were identified only by the testimony of the prosecutrix, and were admitted in evidence over the objections of the defendant. The supreme court of Arkansas, in the case of *Currens* v. *State*, 77 Ark. 16, 91 S. W. 30, held that certain letters said to have been written by the defendant could be identified and made admissible by the evidence alone of the prosecutrix, but that "a conviction upon such evidence would be the offspring of her own testimony, a result forbidden by the statute," and in the subsequent case of *Rogers* v. *Arkansas*, 101 Ark. 45, 141 S. W. 491, 49 L. R. A. (N. S.) 1198, held that the only evidence that certain letters and post cards were written by the defendant was the evidence of the prosecuting witness, and that "the jury could not consider them as testimony tending to corroborate the prosecutrix." The note to Rogers Case observes that there are very few reported cases on the specific question, but that the cases reported sustain the conclusion reached by the Arkansas court. It would appear, therefore, that the letters in the instant case were admissible as a part of the evidence of Sallie Cole, the prosecuting witness; but, their probative value being dependent upon her own testimony, the letters complained of could not be regarded as corroborating the witness. This holding of the Arkansas and Texas courts appears to us to be sound.

*Reversed and remanded.*