GLOVER *v.* STATE.

[78 South. 769, Division A.]

SEDUCTION. *Corroboration. Statute.*

Under Code 1906, section 1372 (Hemingway's Code 1108), so providing, in a prosecution for seduction, the testimony of the

prosecutrix as to her previous chaste character, the promise to marry and the act of seduction must be corroborated.

APPEAL from the circuit court of Forrest county.
HON. PAUL B. JOHNSON, Judge.
Tom Glover was convicted of seduction and appeals..
The facts are fully stated in the opinion of the court.

*J. E. Davis,* for appellant.

Appellant submits that his motion for a peremptory instruction should have been sustained. The evidence of the prosecutrix is wholly uncorroborated upon the following essential and vital elements of the crime charged: (1) That the prosecutrix was of previous. chaste character; (2) That the alleged illicit relations were procured by virtue of a promise of marriage, and that it was because of this promise that she yielded herself to his tender embraces. The facts in this case are not as favorable for the state as in the case of *Long* v. *State,* 100 Miss. 7.

In the case of *Long* v. *State, supra,* the appellant was approached by the brother of the prosecutrix for the purpose of persuading him to marry her, and that appellant, with the knowledge of pregnacy of the prosecutrix, told her in the presence of the brother, that h^ would marry her if she would wait a week or two on him. The court said: "It may be that this statement was made by the defendant because of a consciousness. upon his part that he had wronged the presecutrix in the manner alleged in the indictment; but it may also have been made without any such consciousness on his part, and for a wholly different reason. There is nothing in the evidence from which the jury would have been warranted in determining what prompted defendant to make the statement."

In the case at bar, the evidence is conclusive that the appellant agreed to get the marriage license upon the

express condition that the prosecution against him would be dismissed. The thing that prompted this appellant in agreeing to any proposition with the brother of the prosecutrix in regard to marriage was, it must be clear to the court, that the prosecution would be dismissed. This brother and the appellant both testified that the promise was based upon the dismissal of the prosecution. The appellant, the evidence shows, was a poor, unsophisticated country boy and was led to believe, and did believe, that if the prosecution was dismissed against him, as promised by this brother, the matter would be ended finally.

The appellant most earnestly insists that this cause should be reversed and remanded.

*Frank Robinson,* Attorney General, for the state.

The three essential elements in seduction are: first, previous chaste character of the female; second, promise of marriage; and, third, the act of seduction. Section 1372, Code of 1906, provides that the testimony of the female seduced shall not be sufficient to warrant a conviction without corroboration.

In the light of *Long* v. *The State,* 100 Miss. 7; *Lewis* v. *The State,* 72 So. 241; *Ferguson* v. *The State,* 71 Miss. 805, 15 So. 66; *Carter* v. *The State,* 54 So. 805, the legal principles surrounding the crime of seduction having been clearly and finally established, I submit this case to the court on the record as to whether a sufficient corroboration has been shown to sustain a verdict.

SYKES, J., delivered the opinion of the court.

The appellant, Tom Glover, was indicted and convicted in the circuit court of Forrest county of the crime of seduction. From the judgment of that court this appeal is prosecuted.

Without stating the facts in the case, it is sufficient to say that the testimony of the prosecutrix as to her previous chaste character, the promise of marriage of her by the defendant, and the act of seduction were in no way corroborated by any other testimony in the case. Section 1372 of the Code of 1906 (section 1108, Hemingway's Code). *Long* v. *State,* 100 Miss. 7, 56 So. 185, *Lewis* v. *State,* 111 Miss. 833, 72 So. 241, *Ferguson* v. *State,* 71 Miss. 805, 15 So. 66, 42 Am. St. Rep. 492, and *Carter* v. *State,* 99 Miss. 206, 54 So. 805, have all held that this testimony of the prosecutrix must be otherwise corrobated.

The judgment of the lower court is reversed, and the prisoner discharged.

*Reversed.*