*'firmed.*

## KING *v.* STATE.

[83 South. 164. In Banc. No. 20943.]

1. SEDUCTION. *Corroboration.*

    In a prosecution for seduction under promise of marriage under Code 1906, section 1081 (Hemingway's Code, section 808), it is necessary that the testimony of the female seduced be corroborated by other evidence upon the three essential ingredients of the crime, namely, promise of marriage, the act of sexual intercourse, and the previous chaste character of the prosecutrix.

2. SEDUCTION. *Previous chaste character of prosecutrix question for the jury.*

    In a prosecution for seduction, the question of the previous chaste character of the prosecutrix is a question for the jury.

3. SEDUCTION. *Effect of successive acts.*

    Under Code 1906, section 1081 (Hemingway's Code, section 808), there can be only one seduction, each successive act of intercourse not being an offense.

4. SEDUCTION. *Promise of marriage. Evidence of previous chaste character.*

    In order to sustain a conviction for seduction under Code 1906, section 1081 (Hemingway's Code, section 808), under promises of

marriage, the jury must believe that there was a promise of marriage made by the defendant to the prosecutrix, and that this caused her to yield her person to him, and they must further believe that at this time the prosecutrix was of previous chaste character.

5. SEDUCTION. *Sufficiency of corroboration.*

Where in a prosecution for seduction under promises of marriage, the mother of the prosecutrix testified that the accused told her that the prosecutrix "was hard to persuade but he did persuade her over, and also that he said he promised to marry her," this was sufficient to corroborate the prosecutrix upon the promise of marriage and act of intercourse.

6. SEDUCTION. *Previous chaste character. Sufficiency of corroboration.*

Where the attorney of accused in a prosecution for seduction asked the mother of the prosecutrix on cross-examination whether or not she was a lewd girl previous to the time of the alleged seduction and her mother replied that she was not, this was sufficient corroboration of the testimony of the prosecutrix that she was of previous chaste character.

7. SEDUCTION. *Burden of proof on state.*

In a prosecution for seduction under promise of marriage the burden of proof is upon the state to establish the three essential ingredients of the crime.

8. SEDUCTION. *Previous chastity. Proof of reputation.*

In a prosecution for seduction, it is competent for the state to prove the general reputation of the prosecutrix for chastity as one of the elements of proof of actual chastity.

9. SEDUCTION. *Evidence of declarations of prosecutrix in travail.*

In a prosecution for seduction, it was error to permit the mother of the prosecutrix to testify over objection, that the prosecutrix stated while in travail that accused was the father of the child, where it was not contended that the prosecutrix became pregnant as the result of the first act of intercourse, but that her pregnancy was caused several weeks later though such testimony would be admissible in a bastardy proceeding.

10. CRIMINAL LAW. *Granting of instruction during argument.*

It was error for the court to grant an instruction for the state during the argument of counsel for the defense to the jury, where he did not know of the granting of such instruction and had no opportunity to refer to the same in his argument.

11. Seduction. *Misleading instruction.*
> In a prosecution for seduction it was error to instruct the jury
> to convict "if they believed that defendant did have intercourse
> with the prosecutrix at a time she was of previous chaste
> character at any time within two years prior to the date named
> in the indictment as charged in the indictment" such an instruc-
> tion should have stated that such intercourse was had under
> promise of marriage, or should have used the word "seduce" to
> make clear that seduction and not intercourse, was the question.

Appeal from the circuit court of Covington county.
Hon. W. H. Hughes, Judge.

Hulon King was convicted of seduction and appeals.

The facts are fully stated in the opinion of the
court.

*E. L. Dent,* for appellant.

The statute under which appellant was tried, section
1081, Code 1906, and section 808, Hemingway's Code,
says that "the testimony of the female seduced alone
shall not be sufficient for conviction." It will be noted
that there are three elements of this crime: viz:
1st, that the female under the age of eighteen years
was of previous chaste character immediately preceding
the offense; 2nd, that the illicit connection or intercourse
was brought about by means of persuasion, solicita-
tion, promises, bribes or other means without the em-
ployment of force. All three of these elements must
be proven by the state beyond a reasonable doubt
before a legal conviction can be had, and the testi-
mony of the prosecutrix alone shall not be sufficient
to so establish either one of these elements. There
is not the slightest evidence in this record to corrob-
orate the prosecutrix that she was of previous chaste
character, and no attempt was made by the state
to make such proof. Section 1081, Code 1906, sec.
808, Hemingway's Code, seduction of female child

under eighteen, and section, 1088, Hemingway's Code 1372, Code 106, seduction of a female over eighteen, are the necessary complements of each other. One punishes the seduction of girls under seventeen by any means, the other, seduction of females over seventeen by means of a promise of marriage. Seduction is the substantive thing punished. See *North* v. *State,* 16 So. 264, also concurring opinion in same case, 18 So. 916. Previous chaste character is as essential under one statute as under the other. Likewise is the corroboration of the prosecutrix essential under one statute as under the other. In this case the state relying wholly on a promise of marriage, it is immaterial whether the authorities cited should come under one or the other of these statutes. The degree of proof as to previously chaste character under both statutes is the same, and as there has been more cases tried probably under the latter statute, it follows that the number of cases cited may be more under that statute. In the case of *Carter* v. *State,* 54 So. 805, this court held on this very point the following: "The uncorroborated testimony of the woman is insufficient to convict. The allegation of the indictment that she was of previous chaste character, 'and that the carnal knowledge was obtained by virtue of a false or feigned promise of marriage' cannot be maintained on the testimony of the prosecutrix alone. The prosecutrix must be corroborated by evidence upon these two points. Such is the burden, so to speak, placed upon the state in cases of this character." Likewise in the case of *Fooshee* v. *State,* 82 Miss. 509, this court holds, that the previous chaste character of the woman is an essential element of the crime, and proof thereof is essential to conviction. In the case of *Hatten* v. *State,* 49 So. 514, which is a somewhat similar case to the one at bar, in that case Hatten did not testify in his own behalf, and the testimony of

the prosecutrix was unsupported, except by circum-
stances. The appellant here did not testify, and the
testimony of Lillie Cook, the prosecutrix is unsup-
ported, except by circumstances in the way of conver-
sation or statements made by appellant after he was
arrested for bastardy and on his trial before Justice
of Peace CAMPBELL when he was trying to get his
case continued. In this *Hatten case, supra,* this court
said: "The evidence in this case falls far short of
making out the crime of seduction as known to the
law." No case, we apprehend, can be anywhere found
which would sanction a conviction for seduction on
the scant and utterly insufficient testimony disclosed by
this record." In the case of *Ferguson* v. *State,* 15
So. 66, on the competency of the testimony of the
prosecutrix, this court held: The third assignment
challenges the propriety of the trial court's permitting
the female seduced to testify as to acts of sexual inter-
course between herself and the prisoner and as to the
birth of her child, subsequent to her seduction. There
was no controversy as to these facts. The repeated
acts of sexual intercourse were testified to by the
accused, and the birth of the child was not disputed.
The evidence, we think was incompetent, either as
connecting the accused with the crime of seduction
or as corroborating the evidence of the female se-
duced."

The statements made by appellant as testified to by
prosecutrix her mother, Mrs. Mary Jane Cook, and wit-
ness Campbell, that he would marry the prosecutrix,
with knowledge of her pregancy under the circumstnces
as disclosed by this record, are wholly insufficient
to amount to corroboration of the prosecutrix. This
identical question was passed upon by this court in
the case of *Long* v. *State,* 199 Miss. 7, 56 So. 185,
the court through Chief Justice SMITH, saying: "This
evidence was competent, but of itself alone was wholly

incufficient to amount to corroboration of the prosecutrix. This evidence goes to substantiate only one of the essential elements of the crime, and that is that the illicit connection was brought about by means of persuasion, promises, etc; it does not in any way prove previous chaste character, neither does it in any way connect appellant with illicit connection with the prosecutrix. Such evidence does not corroborate the prosecutrix as to these two vital and essential elements of the crime. The corroborating evidence required by the statute must be of such character as will fairly tend to connect the appellant with the commission of the offense. In the case of *Terry* v. *State,* 52 So. 483, this court held; "our statutes provide that she must not only be of previous chaste character, but that the testimony of the female seduced alone shall not be sufficient to convict. This is a wise and wholesome provision of the law, it guards against, or rather minimizes, the chances of an innocent party being accused and convicted."

The first assignment of error is well taken, as when the state rested its case, without any kind or character of proof to corroborate the prosecutrix in the illicit connection or that she was of previous chaste character, appellant made a motion to exclude the evidence offered on the part of the state and that the court direct a verdict of acquittal. In the case of *Reddick* v. *State,* 72 Miss. 1008, this court announced the correct practice. When the state rested and no case was made out against the prisoner, a peremptory charge should have been given to return a verdict of not guilty. Appellant should be discharged by this court on the first assignment of errors. This court should do what the court below should have done, and that is sustain the motion of appellant for a peremptory instruction to find him not guilty and that he be ordered discharged. *Hatton* v. *State,* 95 Miss.

546, 49 So. 514; *Hatton* v. *State,* 92 Miss. 951, 46 So. 708; *Terry* v. *State,* 97 Miss. 472, 52 So. 483; *Carlisle* v. *State,* 73 Miss. 387, 19 So. 207; *Ferguson* v. *State,* 71 Miss. 805, 15 So. 66; *Norton* v. *State,* 72 Miss. 128, 16 So. 264, 18 So. 916; *Carroll* v. *State,* 74 Miss. 688, 22 So. 295; *Fooshee* v. *State,* 82 Miss. 509, 34 So. 148; *Hoff* v. *State,* 83 Miss. 488, 35 So. 950; *Williams* v. *State,* 92 Miss. 70, 45 So. 146; *Carter* v. *State,* 99 Miss. 206, 45 So. 805; *Long* v. *State,* 100 Miss. 7, 56 So. 185; *Lewis* v. *State,* 72 So. 241.

If your humble pleader should be mistaken as to what this court should do on the first assignment of error, he earnestly insists that he cannot possibly be mistaken when we reach the second assignment of errors, and that is after all the evidence was in, that a peremptory instruction should have been given for the defendant, appellant here.

The law is so well settled in this state that I deem it needless to protract this brief on this point. But I will call the court's attention to the fact that appellant did not testify in his own behalf, and was contented to rest his case on the testimony of five young men whose testimony is unimpeached, and they all swore that they had either had sexual intercourse with the prosecutrix about the time and prior to the time she says that she was seduced, or that they had seen her having sexual intercourse with other young men. She says that she was not seduced in January but in February, 1918, yet she says that appellant had had sexual intercourse with her in January, and that this occurred several times before she was really seduced in February. If we should rely on her testimony at all, we are brought to the conclusion that she had had sexual intercourse with appellant several times before she says she was seduced. If that is true, and she says it is, she was not of previous chaste character in February when she says she was seduced.

It would be but the natural thing for her to deny that she had had sexual intercourse with the young men witnesses; she would have denied it to her mother in July but for the fact of her pregnancy. The mother wanted her daugther, the prosecutrix, to marry appellant, and when she learned that appellant was going to see another young lady, and that her daugther was pregnant, then it was her move, and by force and intimidation she could halter appellant. ''There is no hell like a woman scorned.'' The state's pretended evidence in rebuttal showed nothing unless it was the fact that other young men had the same opportunity to have gotten prosecutrix pregnant as did the appellant. The evidence in this case might have made out a case of bastardy, but it certainly does not of the serious crime of seduction. On this assignment of errors, I desire to quote from one case and that is the case *supra, Lewis* v. *State,* 72 So. 241.

''There was no corroboration, either as to act of intercourse, a promise of marriage, or previous chaste character,'' and that the defendant was entitled to a peremptory instruction. The attorney-general conceded that proposition. The only corroboration of the prosecutrix is about the promise of marriage, and that was under such circumstances as shown by the record, that it would be a manifest injustice to appellant, and the other young men of the country to permit such circumstances to be persuasive and determine their liberty when pursued by a supposed ingenious woman or two, mother and daughter, as in this case. Not speaking from personal experience but from what I glean from the books and the opinions of this court, that cases of this character are ''easily manufactured but hard to defend.'' I, indeed, would be far from doing the woman an injustice, but I do not believe there is a virtuous sixteen-year-old girl in this state or any other state when imposed on by some

unscrupulous boy or man and begotten with child who could not get her neighbors and acquaintances to appear in court and testify that she was of previous chaste character. Not so in this case. They got Mr. Page who does not know and the doctor who lives eighteen miles away and never knew the girl until called on to visit her in sickness and the state introduces these two witness pretending they are in rebuttal, what a farce. But it only goes to show that "the wicked knoweth not what they do." With these remarkes I submit the cause of appellant, a son of one of the best families in error is concerned. A peremptory instruction should have been given by the court below, and as it did not give it, this court should, and discharge the defendant, with this observation and I conclude with the second assignment of error. The further the courts get awey from the doctrine of *"stare decisis"* the less respect the populace will have for the courts and the law. The case of *Rogers* v. *State,* 72 So. 198, should be ample authority to discharge appellant. With this *Rogers case,* and the *Lewis case, supra,* and all the other authorities cited and the reason for the law, should be so persuasive to this court as abundant and ample authority to discharge the appellant, and such action, your humble pleader shall reasonably expect on this second assignment of errors.

As to the third assignment of errors wherein the court below permitted the testimony of Mrs. Mary Jane Cook, the mother of prosecutrix, to go to the jury over objections of appellant as to what her daughter said during travail as to who was the father of her child. I submit that this was manifest error. This is permissible in a bastardy case but not in a case of seduction. See case of *Johnson* v. *Walker,* 86 Miss. 757, 39 So. 49, 1 L. R. A. (N .S.) page 470. This court held among other things the following: "With

out this statute, the mother's death bed declarations as to the paternity of the child were generally held to be inadmissable. 5 Cyc. Law & Proc., p. 661, note. The sole and only object of the statute was to extend the doctrine as to dying declarations to such declarations of the mother in bastardy proceedings, and to place beyond controversy their admissibility, not merely as corroborative, but as original and substantive evidence." The statute referred to is section 276, Code 1906, sec. 225, Hemingway's Code. I respectfully submit that this was hearsay evidence and not permissible under any rule of evidence in a seduction case. The prosecutrix swore that she was unconcious when the child was born, she was asked this question: Q. "You was unconscious when it was born? A. Yes, sir." She did not know whether her child was born dead or alive, and to make the testimony of the interested and anxious mother as to what the prosecutrix said as to who was the father of the child when she did not know what she was saying, appears to be not in keeping with any rule of reason, but is manifestly calculated to prejudice the cause of appellant. I respectfully submit that the admission of this evidence by the court below was manifest error, and for this error alone should cause a reversal of this case.

The fourth assignment of erorrs challenges the first and only properly given instruction for the state. It appears that this instruction affirmatively tells the jury that Lillie Cook, the prosecutrix, is a female under the age of eighteen years and of previous chaste character because the indictment so alleges. The charge should have been "if you believe from the evidence in this case beyond a reasonable doubt that the defendant, Hulon King, by reason of a promise of marriage did have sexual intercourse with Lillie Cook a female under the age of eighteen years, at a time when she was of previous chaste character, it would

be the duty of the jury to convict. She was certainly
not of previous chaste character because it was alleged
in the indictment.

The fifth assignment of error challenges the suffi-
ciency of the evidence to convict appellant, and I
respectfully submit if there was no other error in this
record, that this assignment is well taken, and on this
alone appellant should be discharged. The testimony
of prosecutrix is not corroborated as to previous chaste
character, neither as to the illicit connection, the two
most essential elements of the crime, but on the con-
traary five young men swear emphatically and certain
that she was not of previous chaste character. The
testimony of these young men stand unimpeached and
unshaken by the rigid cross-examination they under-
went while relating their experience with the pro-
secutrix and such straight, unimpeached testimony
should convince the mind of any reasonable man that the
prosecutrix was unworthy of belief. The mother of prose-
cutrix and witness Page say that these young men
were there and had the opportunity. The prosecutrix
says that some of them tried to make love to her,
and that most of them went with her as lovers. While
I deeply appreciate the day is almost at hand when
women will rule, but I cannot appreciate that an un-
happy day is approaching when a lewd woman will
be permitted to ruin. If human testimony is to be
believed and the unchastity of woman to be condemned,
this is certainly a case where there is insufficient evi-
dence to convict, and I respectfully submit that this
assignment of error is well taken, and that the appel-
lant should be discharged.

The sixth assignment of errors challenges the action
of the court below in granting an instruction for the
state at a time and under the circumstances as shown
by the special bill of exceptions specially referred to in

said assignment of errors. This was manifest error for which this cause should be reversed if there should be no other in this record. See *Montgomery* v. *State,* 85 Miss. 330. Wherein this court severely condemns such practice, and it would prolong this brief too much to quote therefrom, so, I shall respectfully ask this court to read this Montgomery case in connection with the said special bill of exemptions so referred to.

As to the seventh ssgnment of errors, this being a typical case of bastardy, if anything, the court below should not have refused the following instruction: "The court charges the jury that the question of bastardy cannot be considered in the trial of this case." I am unable to appreciate why this instruction was refused but I do appreciate how the refusal thereof contributed very manifestly to the prejudice of appellant, because perhaps the jury thought that because appellant was the father of the child that he should be convicted for seduction. Appellant has been discharged by a jury on practically the same evidence in the bastardy case. That was manifest error, and if for no other reason, this cause should be reversed.

*R M. Bourdeaux,* Assistant Attorney-General, for the state.

Counsel for appellant seems to insist that the defendant in the court below was entitled to a peremptory instruction because the evidence for the state shows, as he understands it, that the defendant had sexual intercourse with Lillie Cook in January and did not make the promise of marriage until February and that therefore Lillie Cook could not have been of previous chaste character.

Section 1981 of the Code of 1906, uses the word "seduce" but does not make it necessary that the

seduction be by means of a promise of marriage.
Black's Law Dictionary defines seduction: "To en-
tice a woman to the commission of fornication or
adultery by persuasion, solicitation, promises, bribes,
or otherwise."

While we do not think that a promise of marriage
is necessary to be proven in a prosecution under
section 1081, that is to say, we do not think that
a promise of marriage is the only means of seduction,
yet we do not think that the state could make out a
case merely by proving an act of intercourse by a
man with a girl under the age of eighteen years, be-
cause it is possible for the act of intercourse to have
been indulged in and induced by the illicit desire of
the female as much so as by that of the male.

But in this case, we do not think that this question
is material and we think that the trial court was
eminently correct in refusing the peremptory instruc-
tion for the defendant, because the only reasonable
interpretation that can be put on the testimony of
Lillie Cook as reflected by pages six and seven of the
record in this case is that the promise of marriage
was made before the first act of intercourse in Jan-
uary, 1918; and that the promise to marry was
made to be consummated in February.

In addition to the proof by Lillie Cook of the
promise of marriage before the first act of inter-
course just referred to, we have some evidence in
this record of persuasion, for Mrs. Cook the mother of
the girl, testified that the defendant told her she
(referring to Lillie Cook) was hard to persuade but
he did persuade her over. R. 37, top of page.

Assuming that the case was correctly submitted to
the jury on proper instructions and that no other
error occurred during the trial of the case, we are
deeply impressed with the conviction that the facts of
this case as reflected by the record makes such a

case as will amply support a verdict of guilty, if the jury believe the witnesses for the state, or on the other hand will support a verdict of not guilty if the jury believe the witnesses for defendant, and it occurs to us that the jury in this case accepted as true the testimony of the state's witnesses and rejected as false and untrue the testimony of the witnesses for the defendant.

I do not think that any of the objections urged against the instructions given for the state are well taken. A common sense interpretation of the one chiefly assailed does not, in our opinion, make it assume that Lillie Cook was a previous chaste character but makes it necessary for the jury to believe from the evidence beyond a reasonable doubt that the defendant Hulon King not only had intercourse by reason of a promise of marriage, but also that Lillie Cook was a female under the age of eighteen years and of previous chaste character, before they could convict.

Counsel for appellant urges that this case should be reversed because of the time in which a certain instruction was given for the state and files a special bill of exceptions showing that during the argument of counsel for defendant and without his knowledge the state procured an additional instruction from the court, and the first counsel for defendant knew of it, was when the attorney for the prosecution read it to the jury. There is no doubt but that this court has severely criticized, as being unfair and improper, such conduct on the part of the trial court in the case of *Montgomery* v. *The State,* 83 Miss. 330. But the court says in that case they would not reverse alone because of the time in which the instruction was given if the instruction itself had correctly announced the law. But in that case they would reverse not only because of the time in which the instruction was given but, further because the instruction was so adroitly drawn as

to mislead the jury. We submit that in the case at bar. the instruction given out of time correctly announced the law and that this court should be slow to disturb the exercise of the discretion of a trial court with respect to the time of giving a proper and correct instruction.

Counsel for appellant further urges that Lillie Cook is not corroborated and for this reason he urges a reversal of this case and cites a great many cases. Of course, every case must stand on its own peculiar facts and circumstances and in *Lewis* v. *State,* 72 So. 241, absolutely no facts are given but the court holds that under the facts of that case there is no corroboration; and also in *Hatton* v. *State,* 95 Miss. 546, the court held that there was no seduction under the facts of that case; and in *Carter* v. *State,* 99 Miss. 206, the court holds that there was no corroboration of the prosecutrix, but absolutely none of the facts were given.

None of those cases could serve as authority in the case at bar, because in two of them no facts whatever were given and in Hatton case the facts were wholly dissimilar to the case at bar.

In *Long* v. *State,* 100 Miss. 7, the court holds that the mere promise of marriage while admissible, is not sufficient corroboration. In the case at bar, the prosecutrix is corroborated by her mother who testified to an admission on the part of the defendant in the court below to the following facts: That he had ruined the girl. That he promised to marry her. That she was hard for him to persuade, but that he did persuade her over and that he would take her and take care of her.

There were two witnesses introduced by the state as to the reputation of the girl for chastity. Certainly the impossible is not required of the state as to the reputation of the girl for chastity. Certainly the im-

possible is not required of the state in a seduction case, but as said in the *Long case, supra,* there is enough corroboration, which, if believed, will show that the prosecutrix was telling the truth. Counsel for appellant further urges that it was reversible error on the part of the court in refusing a certain instruction for the defendant, which said instruction merely announced an abstract proposition of law.

Assuming that this refused instruction correctly announced the law, our court has repeatedly held that the refusal of an instruction merely announcing an abstract proposition of law is not reversible error and especially in a case where the jury is otherwise properly instructed.

In conclusion, permit me to suggest that this is a controversy between the state of Mississippi and Hulon King and not between Lillie Cook and Hulon King.

SYKES, J., delivered the opinion of the court.

Hulon King was indicted and convicted in the circuit court of Covington county of the crime of seduction, and sentenced to a term of two years in the penitentiary. From which judgment this appeal is prosecuted. The indictment was drawn under section 1081, Code of 1906 (Section 808, Hemingway's Code). Omitting the formal parts, it alleges that: "Hulon King an unmarried man, on the ——— day of February, 1919, in Covington county, aforesaid, did then and there unlawfully, wilfully, and felonious seduce and have illicit intercourse with Lillie Cook, a female child, under the age of eighteen years, of previous chaste character."

This section of the Code provides that: "The testimony of the female seduced alone shall not be sufficient for conviction."

The opinion of the court in the case of *Carlisle* v. *State,* 73 Miss. 387, 19 So. 207, quotes with approval from the opinion of the court in the case of *State* v. *Bierce,* 27 Conn. 319, the definition of the word "seduce," as used in a similar statute as follows:

"The word 'seduce,' although a general term and having a variety of meaning according to the subject to which it is applied, has, when it is used with reference to the conduct of a man towards a female, a precise and determinate signification, and is universally understood to mean an enticement of her on his part to the surrender of her chastity, by means of some art, influence, promise, or deception calculated to accomplish that object, and to include the yielding of her person to him, as much as if it was expressly stated. The word 'seduction,' used in reference to a man's conduct towards a female, *ex vi termini,* implies sexual intercourse between them." Bishop on Statutory Crimes, section 645.

In this case it is the contention of the state that the appellant persuaded the girl to have sexual intercourse under a promise of marriage.

This court, in dealing with this section and other kindred sections of the Code, has repeatedly held that it is necessary that the testimony of the female seduced be corroborated by other evidence upon the three essential ingredients of the crime; namely, in this case promise of marriage, the act of sexual intercourse, and the previous chaste character of the prosecutrix. *Lewis* v. *State,* 111 Miss. 833, 72 So. 241; *Hatton* v. *State,* 92 Miss. 63, 46 So. 708; *Id.,* 95 Miss. 646, 49 So. 514; *Carter* v. *State,* 99 Miss. 207, 54 So. 805; *Long* v. *State,* 100 Miss. 15, 56 So. 185.

It is the contention of the appellant: First, that the testimony of the prosecutrix herself showed that she was not of previous chaste character at the time she claims to have been seduced by the appellant. This

contention is based upon some parts of the testimony of this witness wherein she stated on cross-examination in effect that she was seduced in February, but also that she had had intercourse with appellant in January. In other parts of her testimony, in her examination in chief, however, she expressly stated that appellant promised to marry her both before and after she had intercourse with him. Without reciting her testimony in full, suffice it to say that the jury had a right to believe from her testimony that the promise of mar· riage was made in January before the first act of intercourse. They could very well have believed from her testimony that her idea of what seduction means was when she became pregnant. It was for the jury to say and consider this testimony and reconcile it if possible. It is well settled that there can be only one seduction, and that each successive act of intercourse is not an offense under this statute. *Hatton v. State,* 92 Miss. 653, 46 So. 708; *Id.,* 95 Miss. 546, 49 So. 514.

The jury in this case must believe from the testimony before a conviction can be had that the promise of marriage was made by appellant to prosecutrix, and this caused her to yield her person to him. *Hatton v. State, supra.* They must further believe that at this time the prosecutrix was of previous chaste character.

The appellant contends that he should have been discharged in the lower court after the state rested its case, because there was no testimony corroborative of that of the prosecutrix as to the promise of marriage, the act of intercourse, and the previous chaste character of the prosecutrix. The mother of the prosecutrix, however, testified that the appellant told her the prosecutrix "was hard to persuade, but he did persuade her over . . . ·" and also that he said he promised to marry her." This testimony alone was sufficient to corroborate the prosecutrix upon the promise of mar-

riage and the act of intercourse. As to the previous chaste character, the attorney for the appellant himself asked the mother of the prosecutrix on cross-examination whether or not she was a lewd girl previous to the time of the alleged seduction, to which the witness replied that she was not. The girl testified to her previous chastity. We think this testimony was a sufficient corroboration on this point.

The state further introduced two witnesses in rebuttal, who testified, when asked if they knew the general reputation for chastity of the prosecutrix, that they had never heard her reputation questioned until her conduct here in question became known in a prosecution under this statute the burden of proof rests upon the state to prove the three essential ingredients of this crime, and in proving the actual chastity of the prosecutrix it is competent to prove her general reputation for chastity, as one of the elements of proof of actual chastity. In the case of *Carroll* v. *State,* 74 Miss. 688, on the bottom of page 690, 22 So. 295, 60 Am. St. Rep. 539, the opinion of the court quotes from *State* v. *Lockerby,* 50 Minn. 363, 52 N. W. 958, 36 Am. St. Rep. 656 as follows:

"General reputation must be regarded as having some relation to actual character, and goes directly to the question of the probability of her being chaste."

It is also assigned as error that the mother of the prosecutrix was permitted to testify over objection that the prosecutrix stated while in travail that appellant was the father of her child. The admissibility of this testimony was error. This character of testimony is admissible in a bastardy proceeding where the paternity of a child is a material issue. *Johnson* v. *Walker,* 86 Miss. 757, 39 So. 49, 1 L. R. A. (N. S.) 470, 109 Am. St. Rep. 733. In this case, however, it was not contended by the prosecutrix that she became pregnant as a result of the first act of intercourse, but

that her pregnancy was caused several weeks later. *Ferguson* v. *State,* 71 Miss. 805, 15 So. 66, 42 Am. St. Rep. 492. Upon this error alone, however, we would not be disposed to reverse the case.

The facts relating to the assignment of error upon which this case must be reversed as shown by a special bill of exceptions, in substance, are as follows: While the attorney for appellant was arguing the case to the jury, claiming that under the testimony of the prosecutrix herself she was not of previous chaste character when she claimed to have been seduced, because she had previously had intercourse with the appellant in January and for this reason the jury should return a verdict of not guilty, one of counsel for the state without the knowledge of defendant's counsel asked and was granted by the court the following instruction:

"The court instructs the jury for the state that it is immaterial whether the intercourse charged was in January or February, 1918. If the jury believe beyond a reasonable doubt from the evidence that the defendant did have intercourse with prosecutrix at a time she was of previous chaste character, at any time within two years prior to the date named in the indictment as charged in the indictment, you should find defendant guilty."

Counsel for the appellant was ignorant of the granting of this instruction until the concluding argument was being made for the state, when this instruction was read to the jury, and counsel remarked that, "The court has given you its instruction for the state to answer the argument of counsel for the defendant, so you gentlemen may not pay any attention to what he said." Objection was immediately made to this instruction being read to the jury, which was overruled. The granting of any instruction during the argument to the jury, and especially when opposing

counsel will have no opportunity to refer to same in his argument, has been expressly condemned by this court in the opinion in the case of *Montgomery* v. *State,* 85 Miss. 330, 37 So. 835. The instruction granted in the Montgomery Case was practically under similar circumstances as those here occurring. In that case the court said that where the charge was clearly right, and not so adroitly prepared as to possibly mislead the jury, it would not reverse for a deviation from it.

The above instruction is not clearly right, and, to say the least, is misleading. The state was only granted two instructions. The other instruction was correct. The instruction we are now considering, however, in effect authorizes the jury to convict appellant if they believe he had intercourse with prosecutrix at a time when she was of previous chaste character, within two years prior to the date named in the indictment. The statement ''as charged in the indictment'' either means nothing, or is misleading. This instruction should have contained the *sine qua non* of the offense, namely, that the intercourse was the result of a promise of marriage, or should have used the word ''seduced'' to let the jury understand that the seduction was the question before them, and not simply the intercourse. We therefore hold that this instruction was granted at an improper time, and, further, that it is an improper instruction, and should not have been granted.

The case is a very close one on its facts. Five disinterested young men testified to the lewd character of the prosecutrix. Four of them testified that they had had several acts of sexual intercourse with her prior to and about the time she claims to have been seduced. The corroborating testimony in the case, though sufficient to sustain the verdict, is one of the strongest character. This being true, we think the defendant was made to carry more of a burden than he should

in the manner in which it was given and in the wording of this incorrect instruction.

*Reversed and remanded.*

ETHRIDGE, J. (specially concurring).

I base my concurrence in reversal entirely upon the fact that the instruction criticized in the majority opinion was given without knowledge of counsel for the defendant until after he had closed his argument. While the court may give the instruction during the argument or at any time before the jury retires, the attention of counsel for the opposing side should be promptly called to the giving of the instruction, and he should be given opportunity to procure a counter instruction and to reshape his argument, if necessary. I do not think the instruction given is erroneous or ambiguous. It might be more explicitly phrased, but if the instruction had been given prior to the argument, or if the attention of counsel had been called to it before he concluded his argument, and he given an opportunity to answer it and to procure other instructions if he deemed it advisable, I should unhesitatingly vote for the case to be affirmed.

In the case at bar the only element of the crime charged which was disputed by the defendant was with reference to her previous chastity, and the instruction given required the jury to find that this existed beyond a reasonable doubt. The phrase "as charged in the indictment" necessarily means the elements of crime must be proven that are charged in the indictment. I think the criticism of the instruction is too critical, and I fail to see how any man with common sense could be misled by this instruction, especially when it is considered with all the other instructions in the case, as it must be.