# KOLB *v.* STATE.

## [93 South. 358. No. 22657.]

1. CRIMINAL LAW. *Error to admit acts of sexual intercourse subsequent to first act which completes offense of statutory rape; acts of sexual intercourse prior to act constituting statutory rape admissible.*

   Under chapter 171, Laws 1914, section 1 (Hemingway's Code, section 1093), making it a felony for any male person to carnally know a female person of previous chaste character younger than himself, over twelve and under eighteen years of age, the offense is complete with the first act of sexual intercourse, and it is error to prove subsequent acts of sexual intercourse between the accused and the female. The relations previous to such act may be admissible, but subsequent acts should be excluded.

2. RAPE. *General reputation of prosecutrix for chastity prior to act of accused admissible in statutory rape.*

   In a trial for the violation of the Age of Consent Law (chapter 171, section 1, Laws 1914; Hemingway's Code, section 1093), previous chaste character of the prosecutrix is material, and evidence of her general reputation as to chastity is admissible to prove or disprove her chastity, and it is reversible error to exclude such evidence, but such general reputation must be confined to time anterior to the act of defendant.

3. WITNESSES. *Prosecutrix testifying that accused violated her chastity may be impeached by showing contrary statements.*

Where a prosecutrix in a case for violating the Age of Consent Law (section 1, chapter 171, Laws 1914; Hemingway's Code, section 1093) testifies for the state that the defendant was guilty of violating said law, and that he was the first person to violate her chastity, she may be impeached by showing statement made to other persons that another than the defendant is the guilty one, or that she had sexual intercourse with another prior to the time fixed in her tesimony that defendant violated her chastity.

4. RAPE. *Evidence of size and appearance of prosecutrix in given year admissible, as tending to show age when chastity violated.*

In a prosecution under the Age of Consent Law (chapter 171, section 1, Laws 1914; Hemingway's Code, section 1093), the age of the prosecutrix is material; and it is competent to show her appearance and size when brought as a child to a community in a given year, to show probability of her age, and tending to show she was over eighteen years of age at the date of the alleged violation of her chastity by the defendant.

5. INDICTMENT AND INFORMATION. *Evidence may be offered at any time within two years prior to indictment for statutory rape.*

Where an indictment for violating the Age of Consent Law (chapter 171, section 1, Laws 1914; Hemingway's Code, section 1093) charges the offense to have been done January 23, 1922, evidence may be offered at any time within two years prior to said date under section 1428, Code 1906 (Hemingway's Code, section 1184); time not being of the essence within said section.

6. RAPE. *Prosecutrix's reputation for chastity or specific acts of unchastity after time proven on accused inadmissible.*

In a prosecution for violating the Age of Consent Law, evidence of general reputation for unchastity, nor specific acts of unchastity arising after the time proven on defendant. is not admissible.

APPEAL from circuit court of Forrest county.

HON. R. S. HALL, Judge.

·A. E. Kolb was convicted for violating the Age of Consent Law, and he appeals. Reversed·and remanded.

*A. E. Kolb, R. A. Wallace* and *Currie & Currie,* for appellant.

According to the statute under which the appellant is being prosecuted, an act of carnal knowledge is criminal or

not, depending upon two things; (a) the time when, and (b) the conditions under which, the act was committed. Let us once more undertake to demonstrate by analysis of the statute and by illustration, that time is of the essence of the offense created by the statute; (a) If the act be committed before the female has passed her twelfth year, it is no offense under the statute; (b) if the act be committed after the female has passed her eighteenth year, it is no offense under the statute; (c) if the act be committed at a time when the female is married, it is no offense against the statute. And *vice versa,* if the same act, or similar act, should be committed after the female had passed her twelfth year and before she had reached and passed her eighteenth year, at a time when she was unmarried and before she had lost her chastity, it would be a violation of the statute.

There seems to us to be no escape from this plain and simple analysis of the statute and it is manifest that an act of carnal knowledge, to be prohibited and made criminal by the statute, must be and can be only such act as was committed at a time and under conditions which rendered the act criminal, and if this is true, and it must be from the very language and provisions of the statute, time and conditions must and do identify the criminal act. There is no decision of this court under a statute reading like this one holding that time is not of the essence of the offense. The state cites section 1184 of Hemingway's Code.

Under this statute in any case where time is of the essence of the offense, the time at which it was committed must be alleged with certainty and particularity. We emphasize that this statute does require the setting out of the true and correct time in any case where time is of the essence of the offense. And this statute does not itself prescribe or undertake to prescribe the classes of cases or the nature and character of cases in which it is not necessary to plead correctly the true time.

The statute under which the appellant is being prosecuted was approved March 18, 1914, and is chapter 171,

page 219 of the Laws of Mississippi of 1914. On the day prior to the taking effect of this act, an act of carnal knowledge committed under the conditions fixed by the statute which rendered it criminal if committed the day after the statute was approved, would not have been a violation of any law known to the state of Mississippi. Two things follow necessarily from this: (a) It is a statutory offense purely; (b) in order that the act may be identified and proved to be a crime, the correct date on which it was committed, must be alleged and proven.

Time as such is one but not the only element which enters this statutory offense which renders it mandatory for the state to plead the true and correct time and to prove the time as fixed in the indictment. There are two other essential elements of this offense which have a direct bearing upon this question, and they are these: (a) Whether the female at the time was unmarried; (b) Whether the female at the time was of previously chaste character.

The test is, whether or not in any case under the statute, time would be essential to identify the act complained of as criminal. The state cited the case of *Carlyle* v. *State,* 19 So. 207, which was tried under section 1281 of the Code of 1892, which is an entirely different statute from that in this case.

The state cites the case of *McWilliams* v. *State,* 63 So. 270, and it is another prosecution under the prohibition laws of the state of Mississippi and could not be an authority in the case at bar for the reasons stated with reference to the Oliver case.

The state cites the case of *McCarty* v. *State,* 37 Miss. 411, and this court held in that case that: "The day on which the offense is charged to have been committed, is immaterial, except in those cases where time is of the essence of the offense, or is a necessary ingredient in its description; and hence in a case not within the above exception, proof that the offense was committed either before or after the day laid in the indictment, but before the indictment was

found and within the period prescribed by the statute of limitations is sufficient."

This case is an authority in support of the contention of the appellant under the statute under which the appellant is being prosecuted and under the allegations of the indictment against the appellant, time is of the essence of the offense, and is a necessary ingredient in its description.

In the case of *Hardnett* v. *State*, 5 So. 518, this court said: "The essence of the offense, is some essential element or constituent, without which it would not be an offense. Time is of the essence here because it depends upon the time when the act was committed whether it was an offense punishable by law or not."

"When," say the supreme court of Massachusetts, "the statute makes an act punishable from and after a given day, the time of the commission of the act is an essential ingredient of the offense to the extent that it must be alleged to have been committed after that day." *Com* v. *Maloney*, 112 Mass. 283.

Under the decision of this court in the *Rogers Case*, 72 So. 198, if the appellant did have an act of sexual intercourse with the prosecutrix in the month of April, then after that the prosecutrix was not of chaste character, and if the appellant did have an act of carnal knowledge of the prosecutrix in the month of September following, that would not be a violation of the statute.

The testimony fixing the time in September was objected to for two reasons: (a) Because it did not support the allegations of the indictment fixing the day of January 23, 1922; (b) because the testimony of the prosecutrix had already shown that the first act of carnal knowledge, if committed at all, was committed in the month of April preceding, and a similar act in September following would not be a violation of the statute. The truth is that the jury became obsessed of the idea that it was its duty, under the law, to convict the appellant if they believed from the evidence he had had sexual intercourse with the prosecutrix at all, at any time, and under any circumstances.

The Act of 1914, the one under discussion, is unique in that it creates an offense otherwise unknown to any law in this state, common or statutory, and therefore must be construed and applied exactly as it is written. On the second element of the offense created by the statute; (b) whether the female was of previously chaste character, the state, on page 2 of its brief, says: "The main point of this is the word 'previous'."

By this very argument the state is bound to admit and does admit necessarily, that time is of the essence of the offense. The word "previous" according to the state's own argument and favorite contention, could refer to and does refer to nothing except time.

We are unwilling to accept this construction of that part of the statute. The language of the statute is: "of previously chaste character," and our contention is that time and character are essential, and that time and character must meet at a time when, and is a *status*, when, the female is within a certain age and her character chaste. The two must go hand in hand.

The character of the prosecutrix for previous chastity was directly in issue. The statute created the rebuttable presumption that the prosecutrix was of previously chaste character. The appellant, however, had a right to overthrow that presumption by the introduction of proof to show that she was not of previously chaste character, and when the appellant introduced any testimony legally showing or tending to show that she was not of previously chaste character, this statutory presumption was banished from the case, and the question was left for determination upon the face of the whole record.

1. The court refused to allow the appellant to lay these predicates. 2. The appellant called as witnesses, persons to whom the prosecutrix had admitted or confessed, that she had engaged in acts of sexual intercourse with, at least two other men, before she engaged in such acts with the appellant. Grace Ware was one of these witnesses. The court refused to permit the appellant to prove these con-

fessions or admissions. 3. When the court had refused to permit the appellant to lay these predicates and when the court had refused to permit the appellant to prove these confessions and admissions, without any predicate, the appellant then undertook, as a last and only resort, to prove the previous general reputation of the prosecutrix for chastity of character, and the court refused to permit it to offer such proof.

Section two of the act creating the offense for which the appellant is being prosecuted provides that the prosecutrix shall be presumed to be of previously chaste character, and that the burden shall be upon the appellant to show that she was not, but the statute provides that no person shall be convicted upon the uncorroborated testimony of the injured female. In our original brief we made an analysis of this statute and one of the material, essential and indispensable elements of the offense is, that the prosecutrix was, at the time, of previously chaste character.

The presumption created by this statute is a disputable or rebuttable presumption. The presumption is not corroborative evidence supporting the testimony of the prosecutrix. We at this point, lay down two propositions: (a) That it is necessary that the testimony of prosecutrix shall be corroborated upon the issue; was she of previously chaste character? (b) That there is, in this record, no evidence sufficient in character, to corroborate her upon this issue.

In laying down these two propositions, we are not forgetting the late case of *Hollins* v. *State*, decided by this court on February 20, 1922, reported in Vol. 90, No. 12, March 25, 1922, edition of the Advanced Sheets of the Southern Reporter at page 630, which holds that it is not necessary that the testimony of the prosecutrix should be corroborated except as to the act of sexual intercourse.

After an earnest study of the statutes and the decisions of our court pertaining to the subject-matter of this prosecution, such as rape, seduction, the age of consent, pre-

vious chaste character, etc., we were constrained to the belief that our court fell into error in its decision in the case of *Hollins* v. *State*, in holding that it was not necessary, under the statute, that the prosecutrix should be corroborated on any essential element of the crime, except the secret act of carnal knowledge.

We respectfully suggest that the court was erroneously persuaded that the case of *Ferguson* v. *The State*, 71 Miss. 805, 15 So. 66, was analogous to the Hollins case and to the case at bar, and that the court in the Ferguson case had held that the question of previous chastity of character was not an essential element of the offense required to be alleged and proved, and the court did so hold in the Ferguson case. The case of *Ferguson* v. *State* was decided March 12, 1894.

We respectfully call the court's attention to the case of *Norton* v. *State*, 16 So. 264, decided by this court November 12, 1894, in which this court reversed its holding in the Ferguson case, and held, that it is necessary to allege and prove that the injured female was of previously chaste character. An examination of the Hollins case discloses the fact that the case of *Norton* v. *State*, was not called to the attention of the court.

We also respectfully call the attention of the court to the specially concurring opinion of COOPER, Chief Justice, in the case of *Norton* v. *State*, 18 So. 916. It is therefore respectfully suggested that the doctrine laid down in the Ferguson case has been expressly repudiated by this court. In the case of *Norton* v. *State*, 16 So. 264, this court held that it was necessary for the indictment to allege and for the state to prove that the defendant had carnal knowledge of the female "by virtue of false or feigned promise of marriage."

In the case of *Lewis* v. *State*, decided by this court July 18, 1916, reported in 72 So. 241, this court held: "In a prosecution for seduction, where there was no corroborative evidence, either as to the act of intercourse, a promise to marry, or previous chaste character of the prose-

cuting witness, the defendant was entitled to a peremptory instruction."

There is marked analogy and similarity between the Lewis case and the case at bar, although the statutes and the elements of the offense are different in some respects, both include the element of previous chastity of character, and in this respect they stand upon the same footing before the law and this court. We call the court's attention to the case of *Glover* v. *State,* decided by this court June 10, 1918, reported in 78 So. at page 769.

We call the attention of the court to the fact that there is not a single fact or circumstance in the record which corroborates in the slightest degree the testimony of the prosecutrix as to her previous chastity. Upon the issue as to the age of the prosecutrix at the time, the state dismissed that issue with the statement that "the girl testifies she was fifteen years of age." The fact that she testified that she was fifteen years of age did not settle that question as a matter of law. It did not bind or conclude the appellant as a matter of law in such way as that he had no right to disprove it, or to dispute with her about her age. The appellant had a right to prove, if he could, either that she was at the time under twelve years of age, or that she was at the time over eighteen years of age.

The age of the prosecutrix was, as we have already said, a decisive issue in the case, for if, under the statute, the appellant could prove either (a) that she was at the time under the age of twelve years or (b) that she was at the time over the age of eighteen, there could be no violation of the statute. As a matter of law it was a fact that the age of the prosecutrix, at the time, was an essential element of the offense. That made it competent for the state to introduce evidence of the age of the prosecutrix and, also for the appellant to introduce evidence upon the same thing.

We have examined most of the authorities cited by the state in its brief and we may make one general observation which covers them all, and that is that they are based

upon statutes entirely different from that on which the indictment in this case is drawn. Fundamentally, this entire record is an error from one end to the other, and there is no escape from a reversal of this case, and under the law the appellant is entitled to a discharge on the face of the record.

*Wm. Hemingway,* assistant attorney-general, for the state.

Without attempting to go into detail as to the exclusion of testimony, we call the court's attention to the rule which the lower court announced often throughout the trial of this case—that the testimony to be relevant must take up incidents prior to her association with Dr. Kolb. No matter what she may have admitted to other people, if she did make such admissions, as to relations with other men, the question of its being prior was not injected in the interrogatories propounded.

The question as to the burden of attacking her character being placed upon the defendant, and the statute so places it, it is a case where two presumptions meet—the presumption of innocence on the part of the man which always goes with him, and likewise, the presumption of purity on the part of the woman. The next is as to the dates to which the girl testified, and the dates in the indictment. The indictment is dated January. Her first testimony gave the date as April, the next as September. It is quite apparent from the record that April is simply a mistake. All of her testimony relates to September. However, both dates were previous to the date of the second indictment, which is permissible. So far as the indictment is concerned, any date prior is admissible in evidence. So far as evidence as to character is concerned, the date as testified to by the girl fixes the time.

There is objection as to the refusal to admit testimony as to the age of the girl. This testimony was opinion evidence as to her appearance eleven years previous.

There was only one person who testified directly. The testimony of the girl went to the jury with that of the other parties, for what it was worth.

As to the law, I refer the court to 22 R. C. L., sections 20, 21 and 22. Also, 1 McLean on Criminal Law, sections 443, 444; 1 Wharton's Criminal Law (11 Ed.), sections 709, 710, 716, 719.

There is a general discussion of this subject in Wharton, beginning section 721, as to the evidence of the prosecuting witness, as to the *corpus delicti,* corroboration and admissions of the accused. There are many states which agree with the decision of the trial court in declaring inadmissible relations with other men. *Renfroe* v. *State,* 104 S. W. 542, 84 Ark. 16; *People* v. *Currie,* 111 Pac. 108, 14 Cal. App. 67; *People* v. *Parrish,* 143 Pac. 546, 24 Cal. App. 314; *State* v. *Rivers,* 74 Atl. 757, 82 Conn. 454; *Sax* v. *United States,* 41 App. D. C. 34; *State* v. *Hammack,* 110 Pac. 169, 19 Idaho, 424; *People* v. *Gray,* 96 N. E. 268, 251 Ill. 431. (In the foregoing case, the general reputation is inadmissible. Where the court recognizes the necessity of protecting character, it can be very easily seen that general reputation might be very unjust). *Chaney* v. *Commonwealth,* 149 S. W. 923, 149 Ky. 464. Evidence of acts prior to the time charged is admissible, but subsequent, is inadmissible. *People* v. *Knickers,* 124 N. W. 25, 129 Mich. 355; *State* v. *Deborss,* 120 S. W. 75, 221 Mo. 469; *State* v. *Perrigin,* 167 S. W. 573, 258 Mo. 233; *Leedam* v. *State,* 150 N. W. 496, 81 Neb. 585; *State* v. *Kroll,* 93 A. 571, 87 N. J. Law. 330.

Other acts than the one charged in the indictment are admissible. *State* v. *Rash,* 130 N. W. 91, 27 S. D. 195; Ann. Case. 1913D. 656. As to time when evidence may be admitted. See, further, *Ross* v. *State,* 170 S. W. 1026, 130 Tenn. 387; *Clardy* v. *State,* 147 S. W. 568, 66 Tex. Crim. 351. In a prosecution of this character, the prosecutrix's testimony is competent to show she is under eighteen years of age. *People* v. *Allison,* 185 Pac. 992. The court correctly excluded the question as to the size of the prose-

cutrix, because that is not always a good test. The testimony shows that the prosecutrix was unmarried. She was younger than Dr. Kolb; that she was over twelve years of age and under eighteen. As to the rule as to whom the burden is upon to show the previous character of the prosecutrix, see, 33 Cyc., page 1453, section (b). There are states which hold each way. Some that the burden is on the defendant and others that it is not. For further discussion as to the burden of proof and upon other points which are involved in this case, I direct the court's attention to *State* v. *Kelly,* 43 L. R. A. (N. S.) 477.

Allegations of time in an indictment are controlled by Hemingway's Code, section 1184. See *Carlisle* v. *State,* 73 Miss. 387, 19 So. 207; *Oliver* v. *State,* 101 Miss. 382, 58 So. 6; *McWilliams* v. *State,* 105 Miss. 844, 63 So. 270; *McCarty* v. *State,* 37 Miss. 411. Time is of value in this kind of case when the question is as to the age of the prosecutrix and as to whether acts were prior or subsequent to the ones alleged.

There is no reason why appellant would have to prove his case each time the date is mentioned, his concern being as to the eighteenth year. As to the applause in the court room, the court gave a peremptory instruction and informed the jury not to regard it, thus doing everything that he was required to do.

On this point, and others of the case, see *Raines* v. *State,* 81 Miss. 489. There was no evidence that this applause was intended to influence the jury or the court and the danger, if any, was promptly eliminated by the court.

ETHRIDGE, J., delivered the opinion of the court.

The appellant was indicted for violating the Age of Consent Law (chapter 171, Laws of 1914; section 1093, Hemingway's Code); the indictment charging that A. E. Kolb, on the 23d day of January, 1922, in Forrest county, did unlawfully and feloniously have carnal knowledge of one Jeanette Smith Boling, an unmarried female of pre-

vious chaste character, younger than himself, and over the age of twelve years and under the age of eighteen years.

Section 1093, Hemingway's Code (Section 1, chapter 171, Laws of 1914), reads as follows:

"That any male person who shall have carnal knowledge of any unmarried female person of previously chaste character younger than himself, and over twelve and under eighteen years of age, upon conviction, shall be punished either by a fine not exceeding five hundred dollars, or by imprisonment in the county jail not longer than six months, or by both such fine and imprisonment or by imprisonment in the penitentiary not exceeding five years; and such punishment, within said limitation, shall be fixed by the jury trying each case."

Section 1094, Hemingway's Code (section 2, chapter 171, Laws 1914), reads as follows: "In the trial of all cases under section 1, of this act, it shall be presumed that the female was previously of chaste character, and the burden shall be upon the defendant to show that she was not; but no person shall be convicted upon the uncorroborated testimony of the injured female."

Section 1095, Hemingway's Code (section 3, chapter 171, Laws 1914), reads as follows:

"This act shall not be construed as repealing or modifying section 1358 of the Code of 1906 (section 1092, this Code), as amended by chapter 171 of the acts of 1908, in regard to rape and carnal knowledge of females under twelve years of age."

The testimony of the prosecutrix for the state was that she had gone a number of times to the office of Dr. Kolb, who was a dentist, for treatment, and that along in the early part of September, 1921, on one of these visits Dr. Kolb locked the door of his office, placed her in a chair, tied her hands behind her, and had carnal knowledge of her; that she made no outcry because she did not want any scandal; that she cried and kicked and remained in the office about an hour; that when she left the office she told no one except a girl companion, because she did not want

to proclaim her disgrace. She testified that she went back to the office about one week later, and that she had carnal intercourse with Dr. Kolb again; that on this occasion he merely persuaded her; that she went a third time about a week after the second visit and had another intercourse; that thereafter she never went alone, and never had any other relations with Dr. Kolb.

The defendant objected to the introduction of the second and third acts in evidence, which objections were overruled and exceptions taken. The prosecutrix testified that she was fifteen years of age and of previously chaste character. She testified that subsequently she discovered that she was pregnant, and Dr. Kolb sent her to a Dr. Martin, a physician, for examination, and thereafter furnished her with money to go to New Orleans. She testified that she came to Hattiesburg from Sontag when she was about four years of age, and was adopted by her foster parents. She was asked, for the purpose of laying a predicate for an impeachment, if she did not make statements to named persons that Dr. Kolb was not the author of her ruin, but that she was going to lay it on him, that she liked him, and, regardless of the fact that he was not guilty, that she was going to claim that he was, and also asked as to her relations with two named persons, and if she had not stated that those persons, each on separate occasions, were the ones guilty of her ruin. The court ruled that this evidence was not competent, and refused to permit the defendant to lay the predicate and to impeach the witness by showing that she did make such statements. The defendant also offered to prove that her reputation for virtue was bad in the community in which she lived prior to the time she testified that Dr. Kolb had relations with her. The court ruled this evidence out as incompetent. The defense also offered to prove that she was frequently out late at night with other men or boys, and the court refused to permit such proof to be made. The defendant produced evidence of at least one witness, who testified that the prosecutrix was above twenty-one years of age.

The defendant introduced other witnesses, and offered to prove that the prosecutrix, when she was brought to Hattiesburg and placed with her foster parents, appeared to be seven or eight years of age. One of the witnesses so produced was a former mayor of the city, who carried her to her foster parents. Other witnesses were offered to testify that she was of the size and appearance of a seven or eight year old child at that time. This the court refused to permit. All of which was assigned as error, and to which rulings exceptions were timely taken. There was evidence for the defendant by one young man that prior to the date which prosecutrix alleged that Dr. Kolb had ruined her he had sexual relations with the prosecutrix.

The state in its testimony produced Dr. Martin, who testified that the prosecutrix came to his office and wanted to be examined; that while he was talking to her his telephone rang, and Dr. Kolb asked him if there was a young lady in his office to be examined; that he told him he was talking to her then, and that Dr. Kolb requested him to make an examination of her; that he did examine her, and was of opinion from his examination that she was pregnant; that afterwards he had a conversation with Dr. Kolb, in which he asked Dr. Kolb what had become of the young lady, and Dr. Kolb stated that she seemed to have gotten all right. The defendant sought to examine Dr. Martin, along the line as to his knowledge as a physician and his experience in the practice of medicine, if he could tell whether or not the prosecutrix had frequently indulged in sexual intercourse, if there would be a difference if she had only had three acts of intercourse, and he testified that he could, but the court refused to permit him to give his opinion upon the subject. Dr. Kolb and a young man, who testified that he was in his office during the year, each testified that the prosecutrix never came to the office alone, and that no such thing occurred in his office. The testimony for the state showed that Dr. Kolb furnished the young girl with money, while he and the young man denied this as being a fact. On the night

the prosecutrix and her sister returned from New Orleans Dr. Kolb packed up his belongings and moved out of the state. Dr. Kolb testified that he moved because he made a business arrangement with his brother which was better than his practice in Hattiesburg. There was no direct proof of the age of Dr. Kolb, and it is assigned for error that the testimony fails to show that he was older than the prosecutrix; that this is one of the elements of the offenses denounced by the statute under which he was indicted. Dr. Kolb testified that he had been in Hattiesburg and practiced his profession there from the time he came out of the army, out of the service, in 1918, until December, 1921.

There are many circumstances and considerable evidence in the record tending to show the guilt of the appellant. The prosecutrix is corroborated practically upon every proposition as to which she testified. We are of the opinion, however, that there was error in the trial for which the judgment of the court below must be reversed, and, this being true, we will notice some of the errors, so that the case may be properly tried on the new trial.

The offense which the statute denounces is the first act of carnal knowledge of a female person coming within the description of the statute. The offense is completed with a consummation of one act. The consent of the female person between the ages of twelve and eighteen years is not material to the offense. The male person is equally guilty whether she consents or does not consent. While the relations of the male and female prior to the alleged act may be shown in evidence for the purpose of showing opportunity and otherwise corroborating the testimony of guilt at the time of the act, still when the act is completed subsequent acts have no relation to the guilt or innocence of the defendant. Proof of an act of this kind does not necessarily raise an inference that the parties have been guilty of any prior act. It must be noted that the defendant objected to the introduction of the subsequent acts.

In considering a similar statute it was held in *King* v. *State,* 121 Miss. 230, 83 So. 164, that there can be only one seduction, and that each successive act of intercourse is not an offense. The case proceeds upon the theory that the offense is complete on the first act of intercourse being completed. Thereafter the element of chastity disappears. It is the destruction of chastity that is the gist of the offense. To the same effect is *Hatton* v. *State,* 92 Miss. 651, 46 So. 708; Id., 95 Miss. 546, 49 So. 514; *Carter* v. *State,* 99 Miss. 207, 54 So. 805; *Long* v. *State,* 100 Miss. 15, 56 So. 185; and the authorities cited in these cases.

In our opinion the trial should be confined to the first act of intercourse and to evidence preceding the act throwing light upon it according to the rules of evidence. We also think it was error for the court to exclude the evidence of the defense that the prosecutrix, prior to the time fixed by her when the offense was committed by Dr. Kolb, had a bad reputation for chastity and virtue in the community in which she lived. In *King* v. *State,* 121 Miss. *supra,* it was held upon a prosecution for seduction, where previous chastity was an element to be proven by the state, that it was competent for the state to prove the general reputation of the prosecutrix for chastity as one of the elements of proof of actual chastity. In this case the court on this subject said:

"The state further introduced two witnesses in rebuttal, who testified, when asked if they knew the general reputation for chastity of the prosecutrix, that they had never heard her reputation questioned until her conduct here in question became known in a prosecution under this statute. The burden of proof rests upon the state to prove the three essential ingredients of this crime, and in proving the actual chastity of the prosecutrix it is competent to prove her general reputation for chastity, as one of the elements of proof of actual chastity. In the case of *Carroll* v. *State,* 74 Miss. 688, on the bottom of page 690, 22 So. 295, 60 Am. St. Rep. 539, the opinion of the court quotes from *State* v. *Lockerby,* 50 Minn. 363, 52 N. W. 958,

36 Am. St. Rep. 656, as follows: 'General reputation must be regarded as having some relation to actual character, and goes directly to the question of the probability of her being chaste.' "

It is true the thing that the statute designs to protect is actual chastity, and not mere reputation for chastity, but in establishing the character of a person their general reputation in the community in which they live as to the particular trait of character in issue is admissible in evi dence, and tends to establish the issue upon that purpose. It is not exclusive, nor is it conclusive. The state may in troduce, not only evidence of general reputation, but may introduce specific instances of unchastity upon that issue. A person may be chaste and still have a reputation they do not deserve. On the other hand, they may be unchaste and have a reputation for chastity in the community. The statute in the present case imposes a burden upon the de fendant to show unchastity, the statute making a pre sumption that the female is chaste until it is attacked in some manner known to the law by the defendant. In many cases the only way the defendant could meet this pre sumption would be by proof of general reputation for un chastity, or, in other words, a bad reputation for chastity. It would be difficult in many cases to get proof of specific acts, because but few witnesses would be willing to come forward and testify to specific acts.

We also think it was error for the court to hold that the prosecutrix could not be impeached by her statements, made to other persons out of court, contrary to her tes timony in court. If a witness testifies to a thing on the witness stand, being a material issue, the credibility of such witness may always be impeached by showing that such witness made contrary statements in reference to such fact at other times and places. The testimony for the state with reference to the actual act depended wholly upon the testimony of prosecutrix. It is true she was cor roborated as to such evidence, but without the aid of her testimony it is difficult to see how the case could be main-

tained. If she stated to other persons that the defendant was not guilty, but that she was going to lay it on him, this would materially affect her credibility. It is true her statement would not establish as a fact the guilt of the parties named, or either of them, but it was material as going to the credibility of the chief witness for the prosecution, and might of itself, if the testimony of the impeaching witness was believed, raise a reasonable doubt of the appellant's guilt.

The age of the prosecutrix was a material matter in the trial of this case. If she was over the age of eighteen the offense charged could not be made out. It was therefore competent to establish her age by any competent testimony for that purpose. The age of children may be determined with reasonable accuracy from their size and appearance. Certainly size and appearance in children are facts tending to establish their age. It is not as precise and definite as the testimony of witnesses having knowledge, but nevertheless it is a test in judging people's ages. People invariably judge the ages of people they have not known through life by appearance and aspect. If the child was brought to Hattiesburg in 1908 or 1909, as some of the witnesses offered testified, and appeared to be seven or eight years of age, judging from size and appearance, it would certainly be unreasonable to assume that such child was only four years of age, as testified to by the prosecutrix and other state witnesses. The evidence, taken in connection with the other evidence for the defendant, might have raised a reasonable doubt upon this proposition, or, if believed by the jury, might have overturned the testimony of the prosecutrix and other state witnesses.

We think it was also error to exclude the evidence sought to be elicited from Dr. Martin by the defendant as to his professional judgment as to whether the prosecutrix had frequently indulged in sexual intercourse prior to his examination.

There is another question we will notice, and that is the contention of the appellant that the state was confined to

the date charged in the indictment, and that proof as to other times was unlawful. The indictment charged that the act took place on January 23, 1922, and it is contended that this is a case when time is of the essence of the offense, and for that reason the state could not prove the act on any other date than that charged in the indictment. Section 1428, Code of 1906 (Hemingway's Code, section 1184), reads as follows:

"An indictment for any offense shall not be insufficient for omitting to state the time at which the offense was committed in any case where time is not of the essence of the offense, nor for stating the time imperfectly, nor for stating the offense to have been committed on a day subsequent to the finding of the indictment, or on an impossible day, or on a day that never happened, nor for the want of a proper or perfect venue."

We do not think that the time charged in the indictment in this case takes it out of this section. In other words, under this section the state was permitted to prove any day anterior to that charged within the two-year statute of limitations, but when the state has elected to prove one date on which the offense occurred, it must then stand upon such date, and can only introduce one act of sexual intercourse in making out its case.

There were efforts in the trial of the case to show conduct on the part of the prosecutrix subsequent to the date Dr. Kolb was charged with having ruined her, but we think it was wholly immaterial how vicious she may have become subsequent to that date. A girl, may, in many instances, become absolutely depraved and go to the very bottom of the scale of human existence. The thing the statute is designed to prevent is the starting of girls upon an evil course. It imposes restraints upon all male persons to respect the chastity of a female under eighteen years of age, and a person violating this statute cannot point to the evil career subsequent to the act as a justification or in mitigation of his offense. The period of life of female persons covered by the statute is one where tempta-

tion should be as far as possible removed until the mind becomes both strengthened by reason and virtue so as to prevent running into temptation of this kind. We desire to say, in conclusion, that it is important in all criminal trials that the rights of an accused person be observed, and that his guilt, if he is guilty, be established in the manner required by law. This involves no sympathy for the wrong-doer or wrongdoing, but it is for the protection of the innocent against the hardships that sometimes come to the innocent. It is certainly desirable that guilt be punished, but it is also desirable that the rules of law founded in the wisdom of the ages be adhered to. We do not think appellant was fairly tried under the rules of law, and for this reason the judgment will be reversed, and the cause remanded for a new trial.

*Reversed and remanded.*