ARTHUR *v.* STATE.[*]

(Division A. June 6, 1927.)

[113 So. 199. No. 26433.]

CRIMINAL LAW. *Admission, in statutory rape case, of evidence of intercourse subsequent to first, held error, and harmful (Hemingway's Code, section 1093).*

In prosecution, under Hemingway's Code, section 1093 (Laws 1914, chapter 171), for statutory rape, previous chaste character

of female being essential, admission of evidence of acts of intercourse subsequent to the first is error, and in a close case is harmful.

*Corpus Juris-Cyc References: Criminal Law, 16CJ, p. 609, n. 1.

APPEAL from circuit court of Leake county.

HON. G. E. WILSON, Judge.

Thurmon Arthur was convicted of statutory rape, and he appeals. Reversed and remanded for new trial.

*Jas. T. Crawley,* for appellant.

The court erred in admitting testimony before the jury of more than one act of sexual intercourse over the objection of the defendant. Section 1093, Hemingway's Code, created a new kind of rape, different entirely from the rape that existed theretofore. This statute provides that the young lady in question must first be of previous chaste character. Next that she must be younger than the man in question.

If the state asks for a conviction on the ground of the act which occurred some time during the month of June, 1925, it is met with the direct proof offered by the state that this same boy and girl had had sexual intercourse nine months previously at Wright's Springs.

If the state asks for a conviction on the first act of intercourse when the woman was virtuous, according to the contention of the prosecution, then only the testimony of the defense witness can rebut her chastity. It is the law of this case that only one act of sexual intercourse may be shown. After the one act of sexual intercourse is testified about, then every other act becomes inadmissible.

Under this statute, the female must be chaste at the time of the act, otherwise there is no offense. The only thing the statute attempts to do is to preserve the chastity of the female until she arrives at the age of eighteen years. If she is not a virgin, then no matter how

many acts of intercourse may be had, the person charged with the same under the law is not guilty. See *Kolb* v. *State,* 93 So. 358, which is controlling.

Successive acts of intercourse were all inadmissible under the law as laid down in *King* v. *State,* 121 Miss. 230. See, also, *Hatton* v. *State,* 92 Miss. 651; *Hatton* v. *State,* 95 Miss. 546; *Carter* v. *State,* 99 Miss. 207; *Long* v. *State,* 100 Miss. 15.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

Counsel urge that the court was in error in permitting the state to introduce testimony relative to more than one act of intercourse between the defendant and the injured girl. In support of this argument, they cite a number of cases, the strongest one and the most recent in date being *Kolb* v. *State,* 129 Miss. 834, 93 So. 358. The cases cited by counsel bear out his contention in that they do hold that it is error to admit testimony of subsequent acts of intercourse between the parties, but none of those cases directly hold that it is reversible error to admit such testimony. It is impossible to tell from the opinion whether the Kolb case was reversed because of this error or because of one of the numerous other errors committed by the trial court.

Our court, however, in two cases had expressly held that while it was error to admit testimony of this nature, yet such error was not reversible error. *Ferguson* v. *State,* 71 Miss. 805, 15 So. 66, and *Lofton* v. *State,* 112 So. 797.

McGowen, J., delivered the opinion of the court.

Upon an indictment for the statutory crime of rape, Thurman Arthur, appellant, was tried and convicted, and the jury fixed the sentence at twelve months in the penitentiary. Arthur prosecutes an appeal here.

The indictment in this case was drawn under section 1093, Hemingway's Code (chapter 171, Laws of 1914), and charged that the defendant, Arthur, had carnal knowledge of Mattie Ann Ellis, an unmarried female person of previous chaste character, over twelve and under eighteen years of age, and younger than he.

Prior to the indictment the defendant was arrested on an affidavit preferred against him by the father of the girl, and, as a result of his arrest, the defendant married the girl.. He made statements to the father as to his illicit intercourse with the girl, and also made statements to a witness by the name of Barnett to the effect that his first illicit act was in September, 1924. He then told of two subsequent occasions on which he had sexual intercourse with the girl.

The state's case rested mainly on these admissions and declarations of the defendant as to the acts of intercourse with the girl, and as to whether he was the man who had participated with her in straying from the path of virtue. Without his statements there would have been no case made against the defendant. The injured girl was not offered as a witness in this case, and did not testify.

There are several questions of a serious nature raised by the appellant in this case, but we shall consider only one. Counsel for appellant urges upon this court, as error, the action of the court in permitting the state to introduce evidence relative to more than one act of intercourse between the defendant and the injured girl; in other words, if the rape of the girl occurred in September, 1924, evidence of acts of intercourse subsequent to that time is incompetent, according to appellant's view.

The offense denounced by the law—rape—is committed in one transaction where the sexual intercourse is consummated, and, of course, one act completed destroys chastity, and subsequent acts could not be acts committed against a female of previous chaste character, because when the first act is proven as having been completed

chastity disappears from the scene. The destruction of the chastity of a female is the gist of the offense. Once it has been established that a man has had sexual intercourse with a female younger than he, between the age of twelve and eighteen years, who was of previous chaste character, other and subsequent acts could not be a part of the crime, because the proof has already shown that the female is no longer of chaste character.

The attorney-general concedes the strength of *Kolb* v. *State,* cited by counsel for appellant, and reported in 129 Miss. 834, 93 So. 358, but urges that the case was reversed generally, and not on this specific point. In the *Kolb case, supra,* the court held that it was error to admit testimony of subsequent acts of sexual intercourse between the parties, because proof of the previous chaste character of the female is necessary before the crime of rape can be committed on her person, and, when the first act of sexual intercourse is complete, she is no longer chaste, and therefore no crime could be committed by having intercourse with her.

The attorney-general also urges that this court has held, in the cases of *Ferguson* v. *State,* 71 Miss. 805, 15 So. 66, 42 Am. St. Rep. 492, and *Loftin* v. *State,* — Miss. —, 112 So. 797, that, while it was error to permit evidence of subsequent acts in seduction cases, the court in those cases declined to reverse, because of the specific error, holding, in effect, that the error was harmless in those particular cases. In those cases the crime charged was "seduction." In the instant case the crime charged is "statutory rape."

The court first sustained the objection of defendant to evidence of subsequent acts of intercourse, but finally, over defendant's objection, permitted the evidence of subsequent acts to go to the jury. No details of any act of intercourse is in the record in the instant case. Without the testimony of the relatives of the female of admissions made to them by the defendant, there is no proof that any crime was committed by the defendant. The evi-

dence of the subsequent acts of intercourse was especially harmful to the defendant in this case, and was calculated to mislead the jury and wrest from it a verdict upon an exceedingly close case.

While the crime of seduction is analogous, yet the evil sought to be remedied by the statute is entirely different. Under the statute here invoked, the crime may be committed upon a female of previous chaste character although she is perfectly willing, and although no fraud, misrepresentation, or deception is perpetrated against her by the offending male. And where the testimony for the state only shows acts of intercourse from September, 1924, to June, 1925, to permit the state to prove acts subsequent to the commission of the crime, such evidence is harmful to the defendant, and was, no doubt, considered by the jury as corroborative, and, in this case, we think was calculated to lead the jury into rendering a verdict of guilty.

Under all the facts and circumstances in this case, we think the *Kolb case, supra,* is controlling, and that, under all the facts and circumstances, for the error in permitting evidence of subsequent acts of intercourse to go to the jury, this case should be reversed, and remanded for another trial.

*Reversed and remanded.*