GILLESPIE *v.* STATE.

Nov. 17, 1952

No. 38517          8 Adv. S. 1          61 So. 2d 150

*Pittman & Pittman,* for appellant.

382

*Geo. H. Ethridge,* Assistant Attorney General, for appellee.

K<small>YLE</small>, J.

Clinton Gillespie was indicted, tried and convicted in the circuit court of Forrest County on a charge of rape, and was sentenced to the state penitentiary for the term of his natural life. From that judgment he prosecutes this appeal.

The prosecuting witness, Ella Mae Smith, was a minor of the age of 13 years, and the stepdaughter of the defendant. The crime was alleged to have been committed on November 18, 1951, at the defendant's home near Palmer's Crossing, in Forrest County, about 11:00 o'clock a. m., while Ella Mae's mother, who was the defendant's wife, was away from home. Ella Mae's sister, Dora Lee, about 12 years of age, and her 4-year-old half-sister were at home, and Ella Mae's testimony was corroborated in part by the testimony of her sister, Dora Lee. Ella Mae's mother, Jessie Mae Gillespie, returned to the home about 4:00 o'clock in the afternoon and Dora Lee told her mother what had happened to

Ella Mae. The following day Ella Mae's mother notified the officers.

The defendant was arrested at his home by deputy sheriffs E. L. Barnes and Nolas Lee two days after the alleged crime had been committed. Ella Mae, in the presence of the defendant, told the officers that the defendant had ravished her and had used force to accomplish his purpose. Dora Lee and the defendant's wife were present when Ella Mae made the statement to the officers.

According to the testimony of Barnes, who testified as a State witness, the officers questioned the defendant about the matter before they talked to Ella Mae, and the defendant denied that he had had intercourse with the girl. The officers then talked to Ella Mae and the defendant's wife in the presence of the defendant, and questioned the defendant again concerning the alleged crime. The defendant's wife finally said to the defendant in the presence of the officers, "Now Clinton you told me yourself you did this, and handed me your gun and told me to kill you, and I told you no, I wouldn't do that." Barnes was permitted to relate to the jury in detail the statements made by Ella Mae to the officers concerning what had happened when the crime was committed. These statements were made by Ella Mae in the presence of the defendant, and the defendant then said, "Well, I can't tell you I didn't do it, you all got me." These conversations took place at the defendant's home at the time the officers made the arrest.

The defendant later made a statement to the officers in the sheriff's office at Hattiesburg, which was reduced to writing by the county attorney and was signed by the defendant; and this statement was introduced in evidence as an exhibit to Barnes' testimony. The statement showed that the defendant had told the officers that he had worked on his truck Sunday morning until about 11:00 o'clock; that Ella Mae then called him into

the house, threatened him with a sawed-off shotgun, and forced him to have intercourse with her.

Ella Mae, while on the witness stand, was asked whether anything else had ever come up between her and her stepfather in times gone by, and whether her stepfather had ever tried to rape her before. She testified that the defendant had tried to rape her while the family was living in New Augusta, during the preceding summer, and that she made complaint about it before a justice of the peace, but the complaint was later withdrawn. No objection was made to this testimony at the time it was offered. Ella Mae was asked why the complaint was not prosecuted. The defendant's attorney objected to this question on the ground that the justice of the peace was present and that his testimony would be the best evidence as to why the case was not tried. The court sustained the objection to the testimony of the witness concerning the reason why the former complaint had not been prosecuted.

The defendant testified in his own behalf. He stated that he was 28 years of age and had served 27 months in the Army, and that he had been married to Ella Mae's mother about 5 years. He denied that he had ever had sexual intercourse with the girl, or that he had ever attempted to rape the girl. He stated that Ella Mae had accused him of attempting to rape her during the preceding summer, and that he had been arrested and placed in jail on the charge. He stated that he had been released from jail after his wife and Ella Mae had had the charge dismissed. He stated that he had suggested to his wife that she send the girl away from home to keep her out of trouble. He stated that he was afraid of his wife because ''she believed in hoodoo.'' He was questioned about the written statement which he had signed before the officers after his arrest, and admitted that he had made some of the statements attributed to him in the instrument, but denied that he had made the statements

attributed to him relating to the alleged sexual inter-course with the prosecutrix.

The appellant's attorney in his brief argues four points as grounds for reversal of the judgment of the lower court; (1) that the court erred in permitting the State to prove by the prosecuting witness that a prior complaint had been made by her against the defendant before a justice of the peace at New Augusta, in which she had charged the defendant with attempted rape; (2) that the court erred in permitting the officer Barnes to testify as to the details of the alleged rape which the prosecutrix had related to the officers when the officers made their first investigation of the crime at the home of the defendant; (3) that the court erred in refusing to sustain the defendant's demurrer to the indictment; and (4) that the court erred in permitting the county prosecuting attorney to testify as a witness for the State after he had remained in the courtroom and had heard the other witnesses testify.

We shall dispose of these contentions in the order in which they have been presented. (Hn 1) The first contention made by the appellant's attorney is that it was reversible error for the court to permit the prosecuting witness to testify concerning the charge of an attempted rape made by the prosecuting witness against the appellant during the preceding summer while the family were living in Perry County. This testimony was incompetent and should not have been admitted. Collier v. State, 106 Miss. 613, 64 So. 373; Kolb v. State, 129 Miss. 834, 93 So. 358; Doss v. State, 156 Miss. 522, 126 So. 197; English v. State, 206 Miss. 170, 39 So. 2d 876. But the testimony was not objected to at the time it was offered. It was not until after the district attorney had asked the witness why the case in Perry County was never tried that the defendant's attorney interposed an objection, and the objection then made related only to the question asked as to the reason for the dismissal of the charge. The

defendant's attorney insisted that proof as to the reason for the dismissal of the charge should be made by the justice of the peace, before whom the complaint was made, who was then present and who later testified as a witness for the defendant. The court sustained the objection, and no other questions were asked by the district attorney concerning the charge of attempted rape which had been made during the preceding summer.

It is well settled that an appellate court will not consider an objection that evidence has been improperly admitted unless the question was raised and reserved in the trial court. 3 Am. Jur. p. 87, Appeal and Error, par. 343.

In the case of Willoughby v. State, 154 Miss. 653, 122 So. 757, this Court held that a trial court will not be put in error for permitting the State to introduce evidence relating to another offense when such evidence has been admitted without objection on the part of the defendant at the time the evidence was offered. In that case the appellant had been convicted of the crime of robbery. Upon appeal to this Court the appellant complained of the action of the lower court in permitting the State to introduce proof of a second robbery in which the appellant had taken part a short time after the first robbery had been committed; and in passing upon that contention the Court said: "It is urged that the court erred in permitting the State to introduce proof of the robbery of the bank on the night of May 29, 1928, thereby placing an undue burden upon the appellant, in that he was required to defend himself on two separate, independent, and disconnected charges of robbery. An all-sufficient answer appears from a critical examination of this record, in that the appellant not only did not interpose an objection but assisted the district attorney in bringing out the facts in detail of the second robbery except in one particular, to which we shall hereafter refer."

(**Hn 2**) The appellant next contends that the court erred in permitting the officer Barnes to testify concerning the details of the alleged rape which had been related to him by the prosecutrix at the time the officer was making an investigation of the alleged crime at the home of the defendant. And the appellant's attorney invokes in support of his argument on this point the rule applied by this Court in the case of Redding v. State, 211 Miss. 855, 53 So. 2d 7. In the Redding case this Court held that in the trial of a case of this kind it was error for the trial court to permit a police officer who had testified as a witness for the State to repeat from the witness stand statements made by the prosecutrix to the police officer concerning the details of the alleged crime soon after the crime had been committed. The Court held in that case that the repetition by other witnesses of statements alleged to have been made by the prosecutrix to them concerning the details of the alleged crime amounted to mere hearsay, and that such statements should not have been admitted.

But the statements made by the prosecutrix to the police officers in the Redding case were not made in the presence of the accused. And the rule applied in the Redding case, under which the Court condemned as "hearsay" the testimony of the police officers concerning the details of the statement made by the prosecutrix to the police officers soon after the crime had been committed, is not applicable to the testimony of the officer Barnes to which objection is made in the case that we now have before us. The testimony of the officer Barnes which the appellant contends should not have been admitted relates to the accusatory statements made by Ella Mae to Barnes and Lee in the presence and hearing of the accused at the time of his arrest; and the testimony was properly admitted. The rule relating to the admission of accusatory statements made by a party out of court in the presence and hearing of the accused

and not denied by the accused is stated in 20 Am. Jur. p. 483, Evidence, par. 570, as follows: "As a general rule, when a statement tending to incriminate one accused of committing a crime is made in his presence and hearing and such statement is not denied, contradicted, or objected to by him, both the statement and the fact of his failure to deny are admissible in a criminal prosecution against him, as evidence of his acquiescence in its truth. The basis of such rule is that the natural reaction of one accused of the commission of a crime, or of implication therein is to deny the accusation if it is unjust or unfounded. The hearsay character of the incriminating statement made to the accused would render it inadmissible, except for the fact that the statement is not offered in evidence as proof of a fact asserted but as a predicate to the showing of the reaction of the accused thereto."

In the case of Anderson, et al. v. State, 171 Miss. 41, 156 So. 645, the Court said: "If a party out of court accuses another of crime or makes statements against him, in the hearing of a third party, and the accused remains silent, or does not deny the accusation or statement affecting vitally his interest under certain conditions, the hearsay evidence of the third party as to the statement out of court is competent. But it is permitted to go into the record as evidence only upon the presumption that the silence or failure to deny, on the part of the accused, is an admission."

There is no merit in the appellant's contention that the court erred in allowing the State to amend the indictment by inserting the defendant's christian name, and in overruling the defendant's objection to the indictment on the ground that it failed to charge that the female who was ravished was "a child or a person or a human being." **(Hn 3)** The omission of the christian name of the accused constituted a formal defect in the indictment but the omission was not fatal. The record shows that no harm was done the appellant by this formal error in the

indictment, which was corrected by the amendment. The defendant knew that he was the man accused under the indictment and neither he nor his attorneys were misled by the omission of the christian name. Section 2448, Code of 1942, expressly provides that an indictment shall not be abated by reason of any misnomer or dilatory plea, but in such case the court shall forthwith cause the same to be amended according to the proof. Wood v. State, 64 Miss. 761, 2 So. 247; Orr v. State, 81 Miss. 130, 32 So. 998; Smith v. State, 103 Miss. 356, 60 So. 330.

(Hn 4) Neither did the failure of the indictment to allege that Ella Mae Smith was a child or a person or a human being constitute a fatal defect in the indictment. The indictment alleged that Ella Mae Smith was a female of the age of 12 years or more. Section 2446, Code of 1942, provides that merely formal or technical words shall not be necessary in an indictment, if, without them, the offense be certainly and substantially described. And this Court has held in the case of Rowland v. State, 182 Miss. 886, 183 So. 527, that an indictment is not void because it fails to charge that the person assaulted was a human being.

(Hn 5) Lastly, the court committed no error in permitting the county attorney to testify as a witness in the case after he had remained in the courtroom and had heard a part of the testimony of the other witnesses. Attorneys are officers of the court and it is not customary to require an attorney to leave the courtroom while a case is being tried in which he may later be called to testify. But even if attorneys were not exempted from the rule which requires that witnesses be excluded from the courtroom while other witnesses are testifying, the trial court would have the power in its discretion to suspend the rule and permit such witness to testify at any time where the ends of justice require that the rule be relaxed or suspended, that a full and fair hearing on the merits may be assured. Wilson v. Peacock, 111 Miss. 116, 71 So.

296; Savell v. Schultz Baujan & Co., 213 Miss. 427, 57 So. 2d 151.

For the reasons stated above, the judgment of the lower court is affirmed.

Affirmed.

*McGehee, C. J.,* and *Alexander, Lee* and *Ethridge, JJ.,* concur.