SWANN, Judge
(dissenting).
I am of the opinion that there was sufficient evidence adduced at the trial to convict the defendant, without the testimony of Detective Helman, inasmuch as the defendant was positively identified as the perpetrator of the crime by two different witnesses. The testimony of Detective Helman was cumulative and constituted at the most harmless error.
In my opinion the trial court committed no error or abuse of discretion in allowing Detective Helman to testify and the petitioner has failed to demonstrate an abuse of discretion with resultant injury.[1]
I therefore respectfully dissent.

. West v. State, 1942, 149 Fla. 436, 437, 6 So.2d 7 (“The exclusion of the attorney, the two deputies and the County Judge from the operation of the rule was a matter addressed to the sound judicial discretion of the trial court . * * *”); Gillespie v. State, 1952, 215 Miss. 380, 61 So.2d 150, 154 (“ * * * the court committed no error in permitting the county attorney to testify as a witness in the case after he had remained in the courtroom and had heard a part of the testimony of the other witnesses.”); 23 C.J.S. Criminal Law § 1011; Spencer v. State, Fla.1961, 133 So.2d 729 (no abuse of discretion committed in excluding two deputy sheriffs from operation of sequestration rule) (cert. denied, 1962, 369 tr.S. 880, 82 S. Ct. 1155, 8 L.Ed.2d 283); McCoy v. State and Anderson v. State, Fla.App. 1965, 175 So.2d 588, (opinion filed May 14, 1965).