242 So.2d 865 (1971)
Thomas Mayfield BROOKS
v.
STATE of Mississippi.
No. 46142.
Supreme Court of Mississippi.
January 4, 1971.
Rehearing Denied January 25, 1971.
*867 Henry K. Van Every, Columbus, for appellant.
A.F. Summer, Atty. Gen., by Timmie Hancock, Sp. Asst. Atty. Gen., Jackson, for appellee.
ETHRIDGE, Chief Justice:
Thomas Mayfield Brooks, appellant, was convicted of the rape of an eight-year-old girl in the Circuit Court of Lowndes County, and was sentenced to a life term in the state penitentiary. It is not necessary to go into the details of this offense. The evidence was sufficient to support the jury's finding of guilt. Miss. Code 1942 Ann. § 2358 (1956).
It is immaterial whether the rape was accomplished by force or violence or against the will of the child, because she was under the age of consent. Miss. Code 1942 Ann. § 2358 (1956); Lewis v. State, 183 Miss. 192, 184 So. 53 (1938). There was no error in permitting the doctor to testify as to the injuries to the child's sexual organs. Simmons v. State, 105 Miss. 48, 61 So. 826 (1913).
On his own motion, Brooks was sent to the Mississippi State Hospital at Whitfield and received a psychiatric examination. Miss. Code 1942 Ann. § 2575.5 (Supp. 1968). The case was set for trial on May 14, 1970, and a subpoena was issued for Dr. Anderson, Chief Psychiatrist at the hospital, but it was not served on him, since he was in California. Appellant's motion for a continuance stated that he would attempt to show that he did not receive a complete psychiatric examination at Whitfield. At the hearing on this motion, a letter from Dr. Anderson to the circuit judge was introduced. It stated that the unanimous opinion of the hospital staff was that appellant was without psychosis and was competent to stand trial. Overruling the motion for continuance, the circuit court stated that the sole basis for the presence of Dr. Anderson would be for cross-examination only, and there was no indication that his diagnosis would be changed or that the doctor's presence at the trial would be of aid to defendant. Moreover, since the opinion from the hospital was the unanimous opinion of the staff, appellant could have obtained the presence of other psychiatrists on the staff who participated in the examination. See Eslick v. State, 238 Miss. 666, 119 So.2d 355 (1960).
Defendant produced no evidence indicating that there was a reasonable probability that he was incapable of making a rational defense. Further, the court's own observation of the accused is relevant on this issue. The evidence justified the trial court in finding that appellant was competent to stand trial. See Jaquith v. Beckwith, 248 Miss. 491, 157 So.2d 403 (1963); Wilson v. State, 243 Miss. 859, 140 So.2d 275 (1962). Also, the court properly overruled appellant's motion for it to appoint a private psychiatrist to examine him. There are no statutory provisions for the appointment and payment of a psychiatrist *868 selected by the defendant or the court. Tarrants v. State, 236 So.2d 360 (Miss. 1970).
When the prosecutrix's mother returned to her home after completing a shopping trip, she observed the little girl crying. She testified:
I ask her what was the matter and she told me that she was hurt. She says, "I am hurting," and I asked her what happened. I thought maybe the two had been into a fight and I said, "Did Pat hit you?" She said, "No," and said, "he hurted me," and I said, "Who?" and she told me this so I took her in the house.
Defendant's counsel made no objection to this testimony. However, on redirect examination, when the mother again stated, "She [the child] just said he `hurted her'," defendant objected and was overruled. The objection came too late, assuming it otherwise should have been sustained. In a rape prosecution the state may show that the prosecutrix made complaint as soon as a reasonable opportunity presented itself. Moreover, the statement did not specifically name or identify the defendant and was admissible in evidence under these circumstances. Lauderdale v. State, 227 Miss. 113, 85 So.2d 822 (1956).
Appellant filed a motion to amend his plea of not guilty to a plea of not guilty by reason of insanity, but the trial court did not rule upon it. Defendant's counsel had the duty to call the motion to the court's attention and obtain a ruling. Not having done so, he waived any right as to the motion. Marr v. State, 248 Miss. 281, 159 So.2d 167 (1963).
Appellant offered four relatives as witnesses, presumably to testify to his general reputation for peace and violence in the community in which he lived. However, these witnesses lived over one hundred miles from Columbus and on interrogation were not properly qualified on this issue, although perhaps the trial court should have permitted the first witness to so testify. A witness must qualify to give an opinion by showing acquaintance with the person and with the community in which he has lived. 1 Wharton's Criminal Evidence § 222 (12th ed., Anderson, 1955); 97 C.J.S. Witnesses § 55 (1957). Accordingly, we cannot say that the trial judge abused his discretion in ruling as he did on this inadequately qualified testimony.
There was no error in the colloquy between the jury and the judge before it reached its verdict. The record affirmatively shows that the trial judge did not indicate in any way how long he intended to keep the jury deliberating. Wade v. State, 155 Miss. 648, 124 So. 803 (1929). Moreover, appellant did not assign or argue this question as error.
A preliminary hearing was held on defendant's motion to suppress a written confession signed by him. Brooks had executed a waiver form under the Miranda rule, and subsequently signed a confession. The evidence amply warranted the circuit court in finding that this confession was voluntarily and intelligently made, at a time when Brooks was aware of his rights and knew what he was doing. Two officers who interrogated him and took the confession testified to that effect. Brooks asserted that it was made by him at a time when he was so drunk that he did not remember anything about it. This was an issue of fact for the trial judge to determine, i.e., the competency of the confession, and there was substantial evidence to support his conclusion.
The other substantive objection to the confession is that, as presented to the jury, it shows that defendant is guilty of other similar or related offenses at times prior to the rape. The confession recites that on several occasions prior to the offense in question, defendant was in bed with the little girl, would feel of her private parts, and would otherwise caress her with his *869 own sexual organs. These acts would be a felony under Code section 2052, making it an offense for a male to fondle a child under thirteen years of age for the purpose of gratifying his lust. Miss. Code 1942 Ann. § 2052 (1956). The confession then proceeds to narrate the facts of the particular rape for which defendant was convicted.
The general rule is that in a criminal prosecution evidence which shows or tends to show that accused is guilty of the commission of other offenses at other times is not admissible, unless the other offenses are reasonably connected with that for which he is on trial. There is a substantial number of these exceptions. Evidence of other crimes is admissible to prove identity of the defendant, scienter or guilty or criminal knowledge, criminal intent or purpose, motive, a plan or system of criminal action where a continuing offense is charged, or where other crimes form a part of the res gestae. Lee v. State, 244 Miss. 813, 146 So.2d 736 (1962); 29 Am.Jur.2d Evidence §§ 320, 321 (1967). The "acid test is its logical relevancy to the particular excepted purpose or purposes" for which the evidence of prior offenses is sought to be introduced, "and the considerations justifying the reception of evidence of other similar crimes has been held by some courts to be peculiarly applicable in prosecutions for sexual offenses." Id. § 321.
Accordingly, evidence is generally held to be admissible which shows or tends to show prior offenses of the same kind committed by defendant with the prosecuting witness. The courts assign various reasons for the admission of this evidence such as corroboration of the offense charged, to show the intimate relation between the parties, the lustful disposition of defendant toward the prosecuting witness, and the probability of his having committed the offense charged. An exhaustive annotation in 77 A.L.R.2d 841, 852 (1961), discusses many cases from other jurisdictions upholding this rule.
The rule followed by the great majority of the states is summarized accurately in 44 Am.Jur. Rape section 80 (1942):
Prior Sexual Acts with Girl in Prosecutions for Statutory Rape.  The doctrine must now be considered as fairly well settled by the weight of authority that in prosecutions for rape upon one under the age of consent, acts of sexual intercourse between the parties prior to the act charged in the indictment may be given in evidence as tending to sustain the principal charge, by showing the relation and intimacy of the parties, and their disposition and antecedent conduct toward each other, and as corroborative of the testimony of the prosecutrix touching the particular act relied upon for a conviction.
See also 1 Wharton's Criminal Evidence § 242 (12th ed., Anderson, 1955); State of Washington v. Schut, 71 Wash.2d 400, 429 P.2d 126 (1967) (Evidence admissible "as proof of a lustful inclination on the part of the accused toward the offended female").
In this jurisdiction, Kolb v. State, 129 Miss. 834, 93 So. 358 (1922), observed that "the relation of the male and female prior to the alleged act may be shown in evidence for the purpose of showing opportunity and otherwise corroborating the testimony of guilt at the time of the act." See also Love v. State, 142 Miss. 602, 107 So. 667 (1926); Skinner v. State, 198 Miss. 505, 23 So.2d 501 (1945). Other cases have either held or indicated that evidence of subsequent acts of rape is not admissible, since the subsequent acts were independent and distinct offenses. Doss v. State, 156 Miss. 522, 126 So. 197 (1930); Arthur v. State, 147 Miss. 136, 113 So. 199 (1927); Collier v. State, 106 Miss. 613, 64 So. 373 (1913).
However, one of the two points decided in English v. State, 206 Miss. 170, 39 So.2d 876 (1949), is contrary to this almost universal rule admitting evidence of prior sexual acts with same girl in prosecution for statutory rape. English's conviction of statutory *870 rape was reversed and remanded. He had been convicted of a series of rapes upon his daughter who was under twelve years of age. The principal ground for reversal of that conviction was the action of the trial court in declining to permit a separate hearing, out of the presence of the jury, on the issue of voluntariness of the confession. The court stated that defendant could offer this evidence during the presentation of his case. This Court held that the jury was not entitled to hear the confession until the trial judge had first heard evidence on whether it was freely and voluntarily made and was therefore competent; and that it was error to decline to hear this evidence, in the absence of the jury, before the confession was introduced.
Secondly, the opinion in English v. State stated that the confession disclosed the commission of a similar crime on a number of other occasions with the same girl. The trial court overruled defendant's motion to exclude from consideration of the jury that part of the confession relating to the other "separate crimes," because it was of the opinion that this evidence tended to show a course of behavior and conduct of defendant toward the prosecutrix. English then stated:
But we are of the opinion that while this testimony may be relevant, it was not competent as a part of the res gestae, and it is contrary to the spirit and purpose of Section 26 of our State Constitution to require a defendant to be prepared to answer for several separate and distinct capital felonies upon a trial under a single indictment, where there has been no previous conviction.
We are therefore of the opinion that on a new trial of the case, the proof should be confined to the particular crime relied on by the State for a conviction, and this is particularly true in regard to a crime which is so easy to charge and so difficult to defend. (206 Miss. at 178, 39 So.2d at 878).
In this holding, we think that the decision in English was in error. It did not consider or cite any of the numerous authorities from other jurisdictions analyzing the almost universal rule, that in prosecutions for rape upon one under the age of consent, acts of sexual intercourse or related acts between the same parties prior to the act charged in the indictment is admissible as tending to show the lustful disposition of the accused toward the girl. Accordingly, on this second point in English v. State, we overrule that decision, and hold that evidence of prior sexual acts with the same girl under the age of consent in prosecutions for statutory rape is admissible. Gillespie v. State, 215 Miss. 380, 61 So.2d 150 (1952), which cited English, is not inconsistent with this decision. There the prosecuting witness testified concerning a charge of attempted rape, made by her against defendant during the preceding summer. This was too remote. Lee v. State, 244 Miss. 813, 146 So.2d 736 (1962), involved a conviction for false pretenses. It cited English on the general rule, but recognized appropriate exceptions, and on its facts is not related to the instant question.
We have considered also the other assignments of error made by appellant and find that they have no merit.
Affirmed.
All Justices concur.